NONPRECEDENTIAL DISPOSITION

To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted August 9, 2017
Decided August 21, 2017

**Before**

DANIEL A. MANION, *Circuit Judge*

MICHAEL S. KANNE, *Circuit Judge*

DIANE S. SYKES, *Circuit Judge*

| | |
|---|---|
| No. 16-2950 | |
| | Appeal from the |
| UNITED STATES OF AMERICA, | United States District Court |
| *Plaintiff-Appellee*, | for the Western District of Wisconsin. |
| | |
| *v.* | No. 3:15CR00067-001 |
| | |
| RAEQUON ALLEN, | William M. Conley, |
| *Defendant-Appellant*. | *Judge*. |

**O R D E R**

Raequon Allen pleaded guilty to robbery in violation of the Hobbs Act, 18 U.S.C. § 1951(a), and to brandishing a gun during that crime in violation of 18 U.S.C. § 924(c)(1)(A)(ii). The district judge sentenced Allen to 36 months in prison for the Hobbs Act violation plus a consecutive, statutory minimum term of 84 months for the firearm offense. Allen challenges his firearm conviction, term of imprisonment, and various conditions of his supervised release. We affirm Allen's firearm conviction because his conviction for Hobbs Act robbery is a valid predicate for his § 924(c) conviction. We vacate the sentence and remand to allow the judge to exercise his discretion, consistent with *Dean v. United States*, 137 S. Ct. 1170 (2017), in calculating an appropriate sentence. Any infirmities in the supervised-release conditions may be addressed at resentencing.

Over three days in January and February of 2015, Allen robbed three gas stations near Madison, Wisconsin, by pointing a gun at the cashiers and demanding cash and cigarettes. He was arrested a few days later by local police and charged with three counts of Hobbs Act robbery, 18 U.S.C. § 1951(a), and two counts of brandishing a firearm in furtherance of a crime of violence, *id*. § 924(c)(1)(A)(ii).

After Allen fired his first appointed attorney and twice attempted to fire his second attorney, he eventually pleaded guilty to one count of Hobbs Act robbery and one count of brandishing a firearm in furtherance of the robbery in exchange for the government's agreement to dismiss the remaining three counts of the indictment and to recommend a sentence reduction for Allen's acceptance of responsibility.

The judge calculated a guidelines imprisonment range of 51 to 63 months for the robbery conviction and a statutory minimum of 84 months for the firearm conviction. The government argued that the court was constrained by *United States v. Roberson*, 474 F.3d 432, 436–37 (7th Cir. 2007), which held that a sentencing judge must not reduce the sentence for the predicate crime in consideration of the mandatory sentence for the § 924(c) offense. So the judge imposed the seven-year statutory minimum for the firearm offense but recognized he could not consider that term when sentencing for the robbery conviction. After a lengthy colloquy with Allen, the judge explained the rationale behind imposing a 36-month sentence on the robbery count. He then imposed three years of supervised release on each count, to run concurrently. The judge noted that neither party had objected to the proposed conditions of supervised release but nonetheless read them aloud and confirmed that Allen understood the conditions.

On appeal Allen first contends that a violation of the Hobbs Act is not categorically a "crime of violence" that serves as a predicate offense to support a § 924(c) conviction. The government argues that Allen waived this argument by pleading guilty unconditionally because "a defendant who pleads guilty waives his right to appeal all non-jurisdictional issues." *United States v. Phillips*, 645 F.3d 859, 862 (7th Cir. 2011). Allen concedes that waiver forecloses his challenge, but he presses it nonetheless.

Allen indeed waived this challenge, and in any event, his argument fails on the merits. After Allen filed his opening brief, this circuit "join[ed] the unbroken consensus of other circuits" and concluded that a Hobbs Act robbery *is* a crime of violence under the elements clause of § 924(c). *United States v. Anglin*, 846 F.3d 954, 965 (7th Cir. 2017), *petition for cert. filed* (May 31, 2017) (No. 16-9411). We elaborated on that holding in *United States v. Rivera*, 847 F.3d 847, 848–49 (7th Cir. 2017), *cert. denied*, 137 S. Ct. 2228 (2017),

noting that "one cannot commit Hobbs Act robbery without using or threatening physical force."

Allen next maintains (and the government agrees) that he must be resentenced in light of *Dean* because the district judge misapprehended his discretion to consider the mandatory seven-year sentence for the § 924(c) conviction when imposing punishment for the predicate robbery. Following *Roberson*, the judge recognized that he could not consider the seven-year sentence as "mitigating" and must review each conviction "distinctly." *Roberson* is no longer good law, however, after the Court in *Dean* held that "[n]othing in § 924(c) restricts the authority conferred on sentencing courts by § 3553(a) and the related provisions to consider a sentence imposed under § 924(c) when calculating a just sentence for the predicate count." 137 S. Ct. at 1176–77. Thus we vacate Allen's sentence and remand for resentencing consistent with *Dean.*

Finally, Allen attacks his three-year term of supervised release, but he can seek a clarification or modification at his resentencing upon remand and to the extent authorized by 18 U.S.C. § 3583(e)(2). *See United States v. Neal*, 810 F.3d 512, 519–20 (7th Cir. 2016). Supervised release is part of the overall "sentencing package" and must be justified and imposed again as part of the new sentence. *United States v. Mobley*, 833 F.3d 797, 801 (7th Cir. 2016).

Accordingly, we AFFIRM the convictions. We VACATE the sentence and REMAND to the district court for further proceedings consistent with this order.