In the

# United States Court of Appeals

## For the Seventh Circuit

Nos. 15-3575 & 15-3581

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

*v.*

THOMAS CURETON,

*Defendant-Appellant.*

Appeals from the United States District Court for the
Southern District of Illinois.
Nos. 10-CR-30106 & 10-CR-30200 — **David R. Herndon**, *Judge.*

ON REMAND FROM THE SUPREME COURT OF THE UNITED STATES

DECIDED FEBRUARY 16, 2018

Before EASTERBROOK, KANNE, and HAMILTON, *Circuit Judges.*

PER CURIAM. In his third round of appeals, we affirmed defendant Cureton's convictions and sentences for using a firearm during a crime of violence and related crimes. 845 F.3d 323 (7th Cir. 2017). The Supreme Court granted certiorari, vacated, and remanded for reconsideration in light of *Dean v.*

*United States*, 581 U.S. —, 137 S. Ct. 1170 (2017), which disapproved our circuit precedents such as *United States v. Roberson*, 474 F.3d 432 (7th Cir. 2007), barring judges sentencing defendants under 18 U.S.C. § 924(c) and other crimes from considering the mandatory minimum sentence under § 924(c) when deciding the sentences for other crimes. The *Dean* issue had not been raised in any of Cureton's three sentencings, in his two earlier appeals, or in his briefs to this court in these appeals.

In his statement under Circuit Rule 54, Cureton urges full resentencing on a theory of plain error. The government argues for either affirmance or a limited remand along the lines of *United States v. Paladino*, 401 F.3d 471 (7th Cir. 2005), to allow the district judge to decide whether he would be inclined to exercise his discretion to impose a lower overall sentence.

In our reviews of § 924(c) sentences imposed before *Dean* was decided, we have looked in the district court records for reliable signals as to whether the sentences were constrained by the *Roberson* rule. If it was clear that the sentence was not constrained by *Roberson*, we have simply affirmed the sentence. *United States v. Wheeler*, 857 F.3d 742, 745 (7th Cir. 2017) ("inconceivable" that judge who imposed sentence above guideline range for predicate crime did so because of *Roberson*); *United States v. Starwalt*, 701 Fed. App'x 508 (7th Cir. 2017) (same where sentence for predicate crime was in middle of guideline range). If the sentence for the predicate crime was at the bottom of the guideline range, we have remanded for full resentencing, usually with the agreement of the government. *United States v. Garner*, — F.3d —, 2017 WL 4791084 (7th Cir. 2017); *United States v. Fox*, 878 F.3d 574 (7th Cir. 2017); *United States v. Allen*, 702 Fed. App'x 457 (7th Cir. 2017). If the

picture was cloudier, we have used a *Paladino* remand to en-sure that if the *Roberson* rule affected the sentence, the district judge would have an opportunity to exercise discretion. *United States v. Anderson*, No. 16-3112, — F.3d —, —, 2018 WL 663089 (7th Cir. Feb. 2, 2018).

The signals here fit into the cloudy category. Cureton was originally convicted of attempted extortion, interstate com-munication of a ransom demand, two counts of possessing a firearm during a crime of violence, and three counts of dis-tributing crack cocaine near a school. He was first sentenced to a total of 744 months (62 years) in prison. In the first appeal, we held that Cureton should have been sentenced for only one § 924(c) offense, and on remand his sentence was reduced by 300 months (the mandatory minimum for the second § 924(c) offense) to 444 months (37 years). Cureton appealed again, and we remanded because of issues raised about con-ditions of supervised release. On remand, the district court imposed the same total sentence of 444 months, leading to the present appeals.

That total sentence used the bottom of the guideline range for the crack cocaine charges and the mandatory minimum 84 months on the § 924(c) charge. Yet each round of sentencing has included the statutory maximum 240 months for the ran-som demand, signaling that the judges were not inclined to reduce the sentence for that predicate crime. Also, the 360 months of non-924(c) sentences take into account several very serious crimes. Finally, in the course of all three sentencings, including the opportunity to reduce the sentence after the in-itial remand, neither the original sentencing judge nor the judge on remand has given any sign that he felt constrained

by *Roberson* or believed that the reduced total sentence of 444 months was too severe.

Under these circumstances, a limited *Paladino* remand should suffice. We order a limited remand so that the district court can determine whether it would have imposed the same sentence on Cureton, knowing that in light of *Dean*, it may consider the mandatory sentence under § 924(c) when deciding the sentences for other crimes, or whether the court wishes to have a new opportunity to exercise its discretion and judgment in a complete resentencing. We shall retain jurisdiction over these appeals pending the district court's response.

SO ORDERED.