## NONPRECEDENTIAL DISPOSITION

To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Argued February 27, 2018
Decided March 20, 2018

**Before**

DIANE P. WOOD, *Chief Judge*

WILLIAM J. BAUER, *Circuit Judge*

AMY C. BARRETT, *Circuit Judge*

No. 17-1624

| | |
|---|---|
| UNITED STATES OF AMERICA, *Plaintiff-Appellee*, | Appeal from the United States District Court for the Northern District of Indiana, Fort Wayne Division. |
| *v.* | No. 1:12-cr-00082-TLS-SLC-1 |
| CHRISTIAN SHELTON, *Defendant-Appellant*. | Theresa L. Springmann, *Chief Judge*. |

## O R D E R

Christian Shelton was convicted of maintaining a drug-involved premises, 21 U.S.C. § 856(a), and illegally possessing and using firearms in furtherance of that crime, 18 U.S.C. § 922(g), 924(c). The district court imposed on Shelton an aggregate sentence of 240 months' imprisonment, well below the 360 months to life Guidelines range to which he was subject as a career offender, *see* U.S.S.G. § 4B1.1(c). Shortly after Shelton's sentencing, the Supreme Court decided *Dean v. United States*, 137 S. Ct. 1170 (2017), which abrogated this circuit's precedent that had precluded judges from reducing the sentence of a predicate crime in order to offset a consecutive § 924(c) sentence, *see United States v. Roberson*, 474 F.3d 432 (7th Cir. 2007). Based on this change in law, Shelton seeks resentencing on a theory of plain error. We cannot be certain if any

error has prejudiced Shelton; therefore we order a limited remand so that the district judge can inform us whether she would have imposed a lower overall sentence in light of *Dean*. *See United States v. Cureton*, 882 F.3d 714, 716 (7th Cir. 2018); *United States v. Paladino*, 401 F.3d 471, 483–84 (7th Cir. 2005).

In reviewing § 924(c) sentences imposed before *Dean* was decided, we have looked to the record for signals that the sentencing judge felt constrained by the *Roberson* rule. *See Cureton*, 882 F.3d at 715. For such cases we recently identified three typical scenarios and remedies. *See id.* at 715–16. First, if it is clear that the sentencing judge had not felt constrained by *Roberson*, we have affirmed. *See United States v. Wheeler*, 857 F.3d 742, 745 (7th Cir. 2017) (affirming above-guideline sentence because it is "inconceivable" that judge picked that sentence based on *Roberson*), *cert. denied*, 138 S. Ct. 640 (2018). Second, in cases involving sentences near the bottom of the Guidelines range, we have remanded for full resentencing with the government's agreement. *See, e.g., United States v. Fox*, 878 F.3d 574, 576, 579–80 (7th Cir. 2017). Third, in cases in which the record is "cloudy" or has some "ambiguity," we have ordered a limited *Paladino* remand to ascertain whether the sentencing court would be inclined to sentence the defendant differently in light of *Dean*. *See Cureton*, 882 F.3d at 716; *United States v. Anderson*, 881 F.3d 568, 576–77 (7th Cir. 2018).

Shelton's case fits neatly into the third category and appears indistinguishable from *Cureton*. The records in both cases are devoid of any discussion of *Roberson* or *Dean*. *See Cureton*, 882 F.3d at 715. In *Cureton* we also noted that the judge's decision to impose a sentence at the bottom of the Guidelines range for one count and a concurrent, statutory-maximum sentence for another count added to the ambiguity in the record. *See id.* at 716. Shelton's case is similar: his aggregate sentence was 120 months below the bottom of the Guideline range but included the maximum 120 months' imprisonment for his felon-in-possession count. The judge at sentencing noted Shelton's good behavior in jail and genuine remorse but also highlighted the severity of Shelton's crimes and the danger they presented to his community, and she said nothing to imply that she believed the 240-month sentence was too severe. Under these circumstances, a limited remand is appropriate to determine whether Shelton may have been prejudiced by the judge's erroneously considering herself constrained by *Roberson*.

The government argues that we should affirm because Shelton has not met the demanding plain-error standard. It presents an alternative reading of the record that, if true, would imply that the sentencing judge had not felt constrained by *Roberson* but had instead sentenced Shelton in a way consistent with *Dean*'s holding (even before that

decision was issued). The government's reasoning relies on Shelton's status as a career offender and that designation's requirement that his sentence be determined under U.S.S.G. § 5G1.2(e). But neither the parties nor the judge mentioned that provision at sentencing, so the government's argument has only added to the cloudiness in the record. Though plain-error review presents a high hurdle for defendants, Shelton's burden of proving he was prejudiced by error is precisely why the remand is limited and not for immediate resentencing. *See Paladino*, 401 F.3d at 483–84.

We order a limited remand so that the district court can determine whether it would have imposed the same sentence on Shelton, knowing that it can consider the mandatory sentence under § 924(c) in light of *Dean*. We shall retain jurisdiction over the appeal pending the district court's response.