In the

# United States Court of Appeals

## For the Seventh Circuit

———————————

Nos. 15-3575 & 15-3581

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

*v.*

THOMAS CURETON,

*Defendant-Appellant.*

———————————

Appeals from the United States District Court for the
Southern District of Illinois.
Nos. 10-CR-30106 & 10-CR-30200 — **David R. Herndon**, *Judge.*

———————————

ON REMAND FROM THE SUPREME COURT OF THE UNITED STATES

DECIDED

———————————

Before EASTERBROOK, KANNE, and HAMILTON, *Circuit
Judges.*

PER CURIAM. In his third round of appeals, we affirmed de-
fendant Cureton's convictions and sentences for using a fire-
arm during a crime of violence and related crimes. *United
States v. Cureton*, 845 F.3d 323 (7th Cir. 2017). The Supreme
Court remanded for reconsideration in light of *Dean v. United
States*, 137 S. Ct. 1170 (2017), which disapproved our circuit

precedents such as *United States v. Roberson*, 474 F.3d 432 (7th Cir. 2007), barring judges sentencing defendants under 18 U.S.C. § 924(c) and other crimes from considering the mandatory minimum sentence under § 924(c) when deciding the sentences for other crimes.

We then remanded to the district court for the limited purpose of giving that court an opportunity to determine whether it would have imposed the same sentence on Cureton, now knowing that in light of *Dean*, it may consider the mandatory sentence under § 924(c) when deciding the sentences for other crimes. *United States v. Cureton*, 882 F.3d 714 (7th Cir. 2018). The district court solicited and reviewed briefs from the parties and acted promptly.

On March 21, 2018, the district judge issued an order explaining that he saw no basis for reducing Cureton's sentence. Judge Herndon quoted his own comments in resentencing Cureton and Judge Murphy's comments at Cureton's original sentencing. Both judges focused on the extraordinary viciousness of Cureton's crimes, including the kidnapping and torture of the woman who was his victim. The order on limited remand referred to Cureton's "extreme" capacity for "violence and depravity" and said that any lower sentence would not be sufficient to serve the purposes of 18 U.S.C. § 3553(a).

The district court has complied with the terms of our limited remand. We see no need for further proceedings in this case on the subject of *Dean*. The judgments of the district court, including the 444-month total term of imprisonment, are

AFFIRMED.