┌─────────────────────────────────────────────┐
│           **NONPRECEDENTIAL DISPOSITION**         │
│  To be cited only in accordance with Fed. R. App. P. 32.1  │
└─────────────────────────────────────────────┘

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted February 6, 2019
Decided February 6, 2019

**Before**

DANIEL A. MANION, *Circuit Judge*

ILANA DIAMOND ROVNER, *Circuit Judge*

MICHAEL B. BRENNAN, *Circuit Judge*

Nos. 17-3456 & 17-3525

| | |
|---|---|
| UNITED STATES OF AMERICA, *Plaintiff-Appellee*, | Appeals from the United States District Court for the Western District of Wisconsin. |
| *v.* | No. 3:15 CR 00067-001 |
| RAEQUON ALLEN, *Defendant-Appellant*. | William M. Conley, *Judge*. |

**O R D E R**

This is Raequon Allen's second appeal of his sentence for committing a Hobbs Act robbery, 18 U.S.C. § 1951(a), and for brandishing a firearm during that crime, *id.* § 924(c)(1)(A)(ii). In his first appeal, we affirmed Allen's convictions but vacated his 120-month prison sentence, remanding so that the district court could consider mitigating the sentence for the robbery in light of the mandatory, consecutive 84-month sentence under § 924(c). 702 F. App'x 457 (7th Cir. 2017); *see Dean v. United States*, 137 S. Ct. 1170, 1178 (2017). At resentencing, the district court reduced the robbery sentence by one year, for a total prison term of 108 months. When the district court asked about the proposed conditions of supervised release, Allen responded that he "[didn't] have any objections to them." Allen timely appealed the sentence. He then moved for a new

resentencing hearing in the district court, arguing that the same judge should not have conducted both sentencing hearings. He separately appealed the denial of that motion.

Allen's appointed attorney asserts that the now-consolidated appeals are frivolous and seeks to withdraw. *See Anders v. California*, 386 U.S. 738 (1967). Counsel's brief explains the nature of the case and, for the most part, addresses the issues that an appeal of this kind might be expected to involve. It does not address Allen's appeal from the denial of his motion for a new resentencing hearing. But we need not reject the *Anders* brief on this basis because we are convinced that Allen could not raise any non-frivolous challenge to this denial. It is standard practice for the sentencing judge to conduct any resentencing hearing also, except in certain circumstances not applicable here. *See, e.g., United States v. Diaz-Jimenez*, 622 F.3d 692, 694 (7th Cir. 2010). Further, we remanded precisely to allow the same sentencing judge to determine whether he would have imposed a lower overall sentence in light of *Dean*. *See* 702 F. App'x at 459; *see also United States v. Cureton*, 882 F.3d 714, 716 (7th Cir. 2018). In all other respects, counsel's brief appears to be an adequate effort to determine whether Allen has any non-frivolous grounds for appeal. Therefore, we limit our review to the subjects that counsel identified along with those that Allen, disagreeing with counsel, believes have merit. *See* Cir. R. 51(b); *United States v. Bey*, 748 F.3d 774, 776 (7th Cir. 2014).

Counsel first explores whether Allen could argue that the district court did not comply with *Dean* on remand. But, as counsel concludes, doing so would be frivolous. The court expressly considered its discretion under *Dean* to account for the mandatory consecutive sentence in § 924(c) when determining the sentence for the predicate crime. It then exercised that discretion to reduce Allen's robbery sentence by twelve months.

Next, counsel correctly recognizes that any challenge to the reasonableness of Allen's sentence would be pointless. Allen's 108-month sentence is within the properly calculated guidelines range, so we would presume it to be reasonable. *See Rita v. United States*, 551 U.S. 338, 347–51 (2007); *United States v. Mykytiuk*, 415 F.3d 606, 608 (7th Cir. 2005). And, like counsel, we see no basis in the record upon which Allen could overcome that presumption.

Counsel also explores whether Allen could challenge the conditions of his supervised release, but rightly concludes that Allen waived any such argument at the resentencing hearing by expressly stating that he did not object to the conditions. *See United States v. Gabriel*, 831 F.3d 811, 814 (7th Cir. 2016).

In his Rule 51(b) response, Allen raises an argument that counsel did not consider: he challenges the constitutionality of his firearm conviction in light of *Sessions v. Dimaya*, 138 S. Ct. 1204 (2018), which was decided after his resentencing hearing. Because *Dimaya* struck down the definition of a "crime of violence" in 18 U.S.C. § 16(b) as unconstitutionally vague, *see* 138 S. Ct. at 1215–16, Allen contends that the similarly worded definition in § 924(c)(3)(B) also must be void for vagueness. But raising this argument would be frivolous because, as this court stated in resolving Allen's first appeal, a Hobbs Act robbery is a "crime of violence" under the elements clause found in § 924(c)(3)(A). *See* 702 F. App'x at 459; *see also United States v. Fox*, 878 F.3d 574, 579 (7th Cir. 2017), *cert. denied*, 138 S. Ct. 1603 (2018), *reh'g denied*, 138 S. Ct. 2617 (2018). At most, *Dimaya* bears on the constitutionality of the residual clause, 18 U.S.C. § 924(c)(3)(B), which does not apply in Allen's case and thus does not impact his conviction.

Therefore, we GRANT counsel's motion to withdraw and DISMISS the appeal.