NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted January 23, 2019
Decided February 14, 2019

**Before**

DIANE P. WOOD, *Chief Judge*

MICHAEL S. KANNE, *Circuit Judge*

AMY J. ST. EVE, *Circuit Judge*

Nos. 17-2940, 17-3065, 17-3519

| | |
|---|---|
| UNITED STATES OF AMERICA, <br>     *Plaintiff-Appellee,* <br><br> *v.* <br><br> PAUL GRISSOM, JEFFREY KEMP, and <br> JUSTIN MARTIN, <br>     *Defendants-Appellants.* | Appeals from the United States District Court for the Southern District of Indiana, New Albany Division. <br><br> Nos. 4:15-cr-00025-5, 4:15-cr-00025-1, 4:15-cr-00025-10 <br><br> Tanya Walton Pratt, <br> *Judge.* |

**O R D E R**

Lawrence Adkinson and Jeffrey Kemp were found guilty at trial of several offenses related to the armed robbery of multiple cell phone stores, and Paul Grissom and Justin Martin pleaded guilty to the same. They all filed notices of appeal. We have addressed Adkinson's appeal in a separate opinion released contemporaneously with this non-precedential order. Counsel for the other defendants assert that their clients' appeals are frivolous, so they move to withdraw; we address those motions in this order. *See Anders v. California*, 386 U.S. 738 (1967). Their submissions explain the nature of each case and address the issues that these appeals might involve. Because the

laywers' analyses appear thorough, we limit our review to the subjects they discuss and those that defendants raise in their responses. *See United States v. Bey*, 748 F.3d 774, 776 (7th Cir. 2014); CIR. R. 51(b).

## I.      Jeffrey Kemp

A jury convicted Kemp of robbery and conspiring to commit robbery, 18 U.S.C. § 1951(a), conspiring to brandish a firearm in furtherance of a crime of violence, *id*. § 924(o), and brandishing a firearm in furtherance of a crime of violence, *id*. § 924(c). The district court sentenced him to 384 months in prison.

Kemp's counsel first considers arguing that the government denied Kemp's Sixth Amendment right to a speedy trial. Kemp's trial took place approximately 21 months after he was indicted. The delay was for more than one year, so we would presume that Kemp's right to a speedy trial was violated unless four factors collectively rebutted that presumption: (1) the extent of delay; (2) the cause of delay; (3) whether Kemp asserted his right to a speedy trial; and (4) whether the delay was prejudicial. *See Doggett v. United States*, 505 U.S. 647, 651 (1992); *United States v. Robey*, 831 F.3d 857, 863–64 (7th Cir. 2016).

Weighing these factors, counsel correctly concludes that it would be meritless to argue that Kemp's right to a speedy trial was violated. The length of delay would weigh moderately in his favor. *See Ashburn v. Korte*, 761 F.3d 741, 752 (7th Cir. 2014) (20-month delay weighed moderately for defendant). But the other factors weigh decisively against him. Kemp was responsible for, or acquiesced to, over half of the delay. He moved for continuances, entered and withdrew a guilty plea, and did not oppose the government's request for one continuance, all of which contributed to 11 months of delay. *See Robey*, 831 F.3d at 864 (defendant sought continuances and withdrew from plea); *United States v. White*, 443 F.3d 582, 590 (7th Cir. 2006) (defendant did not oppose continuance). Moreover, Kemp's requests for multiple continuances negated his earlier assertions that he wanted a speedy trial. *See Ashburn*, 761 F.3d at 753. Finally, neither counsel nor we can identify any specific prejudice from the delay. *See United States v. Patterson*, 872 F.3d 426, 436 (7th Cir. 2017).

Counsel next discusses challenging two of the district court's evidentiary rulings and correctly recognizes the futility of doing so. First, counsel considers arguing that the district court wrongly admitted expert testimony regarding the location of cell phones over Kemp's objection. But we have ruled that expert testimony on this type of

data is admissible as long as the expert acknowledges that the data shows only a phone's approximate location. *See United States v. Hill*, 818 F.3d 289, 298–99 (7th Cir. 2016). The expert acknowledged that limitation, so we would conclude that the district court did not abuse its discretion in admitting this testimony.

Second, counsel contemplates contesting the admission of evidence of Kemp's past commercial burglaries with his co-conspirators. Counsel correctly concludes, however, that the district court did not abuse its discretion in admitting this evidence to show why Kemp recruited these co-conspirators. *See* FED. R. EVID. 404(b); *United States v. Foster*, 652 F.3d 776, 785 (7th Cir. 2011). Mere speculation that the evidence might create an impermissible inference about propensity does not show that the court abused its discretion. *See* FED. R. EVID. 403; *United States v. Norweathers*, 895 F.3d 485, 491 (7th Cir. 2018). In addition, the district court instructed the jury that it could only consider this evidence to help decide identity and "the relationship of the parties." *See United States v. Gomez*, 763 F.3d 845, 860 (7th Cir. 2014) (en banc).

Counsel then considers challenging for lack of probable cause the warrants that permitted law enforcement to search Kemp's two vehicles and motel room, but counsel aptly decides that the contest would be frivolous. Because Kemp did not seek to suppress this evidence or preclude its admission, we review its admission for plain error. *See United States v. Lopez*, 907 F.3d 537, 543 (7th Cir. 2018). We would review whether the warrant-issuing court had a substantial basis to conclude that there was a fair probability that the search would reveal evidence of a crime. *See United States v. Haynes*, 882 F.3d 662, 665 (7th Cir. 2018) (per curiam) (citing *Illinois v. Gates*, 462 U.S. 213, 238 (1983)). Here, that bar was met easily. Witness identifications may establish probable cause, *see Hart v. Mannina*, 798 F.3d 578, 591 (7th Cir. 2015), and according to the affidavits in support of the warrants in this case, the first car that police searched matched witnesses' descriptions to the issuing court of the getaway car. The second car was parked next to the first, and trash bags like those used in the robberies to collect stolen goods were visible through its windows. As for his motel room, police were likely to find evidence of a crime where the culprit lives, *see United States v. Zamudio*, 909 F.3d 172, 176 (7th Cir. 2018), and the room was rented to Adkinson—whom a witness associated with two other suspects—and the suspected getaway car was outside.

Counsel next concludes that two potential challenges to the procedural reasonableness of Kemp's sentence would be frivolous, and we agree. First, counsel correctly rejects challenging a four-level enhancement under the Sentencing Guidelines for being a leader or organizer of the crime. *See* U.S.S.G. § 3B1.1(a). The enhancement

applies when the defendant exercises a high degree of control over others. *See id.* at cmt. n.4; *United States v. Sunmola*, 887 F.3d 830, 839 (7th Cir. 2018). Witnesses testified that Kemp orchestrated the robberies, provided co-conspirators with guns, tools, and compensation, and was present as the participants learned to use the weapons. Second, counsel properly declines to contend that the district court did not address Kemp's request that, because his four counts involved the same conduct, he should receive concurrent rather than consecutive sentences. As trial counsel observed at sentencing, the district court properly applied the Guidelines to group the offenses into one offense level because they were closely related. *See* U.S.S.G. §§ 3D1.2, 3D1.4. Further, the court imposed the sentences for the conspiracy to commit robbery and robbery convictions to run concurrently and accounted for the 84-month consecutive mandatory sentence under § 924(c) for brandishing a firearm during the offense when it fashioned the final sentence. *See Dean v. United States*, 137 S. Ct. 1170, 1176–77 (2017).

Counsel also addresses a possible challenge to the substantive reasonableness of Kemp's sentence, but counsel correctly determines that raising it would be meritless. Kemp's sentence (384 months) is below the Guidelines range of 360 months to life on Counts 1, 2, and 3, plus 84 months on Count 4 to run consecutively, *see* 18 U.S.C. § 924(c). Thus, we would presume that the sentence is reasonable and review the district court's application of the sentencing factors in 18 U.S.C. § 3553(a) for an abuse of discretion. *See United States v. Poetz*, 582 F.3d 835, 837 (7th Cir. 2009). The district court reasonably applied those factors. It considered the nature and circumstances of the offense (Kemp led a "multistate criminal spree" that had a "lasting effect" on the victims) and Kemp's history and characteristics (he had an unstable upbringing, has family support, is well-liked in jail, and earned his GED, but has committed crimes for 20 years and was "more than capable of making better choices"). The offense, the court also reasonably added, was "very serious and deserving of a significant punishment," and it needed to protect the public, given Kemp's criminal history.

Finally, counsel considers, and declines to argue, that the district court should have granted Kemp's request for different appointed counsel. "[T]he right to counsel of choice does not extend to defendants who require counsel to be appointed for them." *United States v. Gonzalez–Lopez*, 548 U.S. 140, 151 (2006). Any argument that appointed counsel was ineffective is better reserved for a collateral attack. *United States v. Flores*, 739 F.3d 337, 341–42 (7th Cir. 2014).

Kemp raises several potential challenges in his Rule 51(b) response, all of which are frivolous. He first argues that the district court erred when it denied for lack of

standing his motion to suppress cell-site data revealing Adkinson's location. As we discuss in the opinion released contemporaneously with this order, the government's use of cell-site data in this case did not violate the Fourth Amendment. And regardless, Kemp did not have a legitimate expectation of privacy in the location of Adkinson's phone. *See Rakas v. Illinois*, 439 U.S. 128, 140–43 (1978); *United States v. Curlin*, 638 F.3d 562, 565 (7th Cir. 2011).

Kemp next advances two frivolous contentions that he did not commit a predicate "crime of violence" and so did not conspire to brandish a firearm to further one. He asserts that a conspiracy to commit robbery is not a crime of violence. But Kemp's indictment and the jury instructions show that robbery, not conspiracy to commit it, was the predicate offense. And robbery under 18 U.S.C. § 1951(a) (the Hobbs Act) is a crime of violence under 18 U.S.C. § 924(c)(3)(A). *See United States v. Fox*, 878 F.3d 574, 579 (7th Cir. 2017). Kemp also says that he only aided and abetted the robbery. But aiding and abetting is an alternative theory of liability for an offense, so one who aided and abetted robbery still committed that crime of violence. *See* 18 U.S.C. § 2(a); *see also, e.g.*, *United States v. Armour*, 840 F.3d 904, 908–09 (7th Cir. 2016), *as amended* (June 26, 2017); *accord United States v. Richardson*, 906 F.3d 417, 426 (6th Cir. 2018) (citing *United States v. Garcia-Ortiz*, 904 F.3d 102, 104–05, 109–10 (1st Cir. 2018); *United States v. Deiter*, 890 F.3d 1203, 1216 (10th Cir. 2018); *In re Colon*, 826 F.3d 1301, 1305 (11th Cir. 2016).

Kemp also asserts that he is entitled to a new trial or sentencing based on affidavits from three witnesses, recanting their trial testimony about Kemp's role in the offense. But Kemp could not present this evidence for the first time on direct appeal. *See* FED. R. CRIM. P. 33(b)(1); *Kitchen v. United States*, 227 F.3d 1014, 1018 (7th Cir. 2000).

## II.     Paul Grissom and Justin Martin

Paul Grissom pleaded guilty to conspiracy to commit robbery, 18 U.S.C. § 1951(a), and conspiracy to brandish a firearm to further a crime of violence, *id*. § 924(o). Justin Martin pleaded guilty to robbery and conspiracy to commit robbery, *id*. § 1951(a), and brandishing a firearm in furtherance of a crime of violence, *id*. § 924(c). The district court sentenced Grissom to 130 months in prison and Martin to 168 months in prison.

Counsel for Grissom and Martin each first consider challenging the adequacy of their clients' guilty pleas. Initially, counsel should not explore this potential challenge

unless they advised their clients of the risks of withdrawing their respective pleas and confirmed that they want to withdraw them. *See United States v. Knox*, 287 F.3d 667, 671 (7th Cir. 2002). It is not clear that happened here. Still, we need not reject these submissions because, after reviewing the record, we are convinced that the district court substantially complied with Rule 11 of the Federal Rules of Criminal Procedure, and thus challenging the validity of the pleas would be frivolous. *See United States v. Konczak*, 683 F.3d 348, 349 (7th Cir. 2012). The district court informed both Martin and Grissom of the charges against them, the possible penalties, the rights they would have at trial, and the different factors the court would consider at sentencing. It also ensured that their pleas were voluntary and supported by sufficient factual bases.

Counsel for Grissom next analyzes whether Grissom could raise non-frivolous challenges to the procedural or substantive reasonableness of his sentence and concludes that he could not. We agree. We would review *de novo* the procedural reasonableness of the district court's sentence, including whether it correctly calculated the Guidelines range, considered Grissom's mitigating arguments, and applied the statutory sentencing factors in 18 U.S.C. § 3553(a). *See United States v. Chagoya-Morales*, 859 F.3d 411, 423 (7th Cir. 2017). Here, the district court correctly determined the Guidelines range was 151 to 188 months. (After Grissom received credit for acceptance of responsibility, *see* U.S.S.G. § 3E1.1, the court correctly calculated that his offense base level was 29 and his criminal history category was VI because with two prior Illinois robbery convictions, he is a career offender, *see* U.S.S.G. § 4B1.1(b)(3); *Shields v. United States*, 885 F.3d 1020, 1024 (7th Cir. 2018).)

The district court aptly observed that Grissom's conduct was "very violent" because he held the gun to the head of a store employee and that Grissom "has shown no regard for the law or the well-being of others." Ultimately, at the government's request, the court imposed a below-Guidelines sentence because Grissom substantially assisted the government in investigating the robberies. *See* U.S.S.G. § 5K1.1. We would conclude that the sentencing procedure was reasonable and that, based on the record, Grissom could not rebut the presumption that his below-Guidelines sentence was substantively reasonable. *See United States v. White*, 868 F.3d 598, 603 (7th Cir. 2017).

We also agree with Martin's counsel that an appeal based on the procedural or substantive reasonableness of his client's sentence would be meritless. Though counsel discusses the merits of these arguments, we would determine that the challenge would be frivolous because Martin waived his right to bring it. If a defendant knowingly and voluntarily waives his appellate rights in express and unambiguous terms, we will

enforce the waiver. *United States v. Campbell*, 813 F.3d 1016, 1018 (7th Cir. 2016). Martin signed a plea agreement "expressly waiv[ing his] right to appeal the conviction and sentence imposed in this case on any ground" if the court sentenced him to less than 171 months in prison, and it did. The potential challenges that counsel discusses fall within the scope of the appellate waiver and not within any exception to its enforceability. *See United States v. Adkins*, 743 F.3d 176, 192–93 (7th Cir. 2014).

Finally, Martin asserts in his Rule 51(b) response that Hobbs Act robbery is not a crime of violence, so his conviction for brandishing a firearm while committing the robbery cannot stand. Not only would this argument about his conviction be foreclosed by the appellate waiver, but also it would be frivolous because, as mentioned above, Hobbs Act robbery is indeed a crime of violence under 18 U.S.C. § 924(c)(3)(A). *See Fox*, 878 F.3d at 579. To the extent that Martin argues, as Kemp does, that his conviction for conspiracy to commit robbery is not a violent felony, the point again is irrelevant because robbery was the predicate offense.

Accordingly, we **GRANT** counsels' motions and **DISMISS** Kemp's, Martin's, and Grissom's appeals.