**NONPRECEDENTIAL DISPOSITION**

To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted November 1, 2019
Decided November 6, 2019

**Before**

AMY C. BARRETT, *Circuit Judge*

MICHAEL B. BRENNAN, *Circuit Judge*

MICHAEL Y. SCUDDER, *Circuit Judge*

No. 18-3087

| | |
|---|---|
| UNITED STATES OF AMERICA, *Plaintiff-Appellee*, | Appeal from the United States District Court for the Southern District of Indiana, Indianapolis Division. |
| *v.* | No. 1:15CR00025-001 |
| ROBERT E. FOX, *Defendant-Appellant*. | Jane Magnus-Stinson, *Chief Judge*. |

**O R D E R**

A jury found Robert Fox guilty of two counts of Hobbs Act robbery, 18 U.S.C. § 1951(a), and two counts of brandishing a firearm in furtherance of a crime of violence, 18 U.S.C. § 924(c)(1)(A)(ii). In Fox's first appeal, we affirmed his conviction but vacated his sentence and remanded for resentencing in light of *Dean v. United States*, 137 S. Ct. 1170 (2017). *United States v. Fox*, 878 F.3d 574, 580 (7th Cir. 2017), *cert. denied*, 138 S. Ct. 1603 (2018), *and reh'g denied*, 138 S. Ct. 2617 (2018). On remand, the district court imposed a lower sentence, but Fox filed a notice of appeal.

Fox's appointed counsel asserts that the appeal is frivolous and moves to withdraw under *Anders v. California*, 386 U.S. 738 (1967). Counsel's brief explains the

nature of the case and addresses potential issues that an appeal of this kind might involve. Because the analysis in counsel's brief appears thorough, we limit our review to the subjects that counsel discusses and those that Fox raises in response. *See* CIR. R. 51(b); *United States v. Bey*, 748 F.3d 774, 776 (7th Cir. 2014). Fox does not oppose his attorney's request to withdraw, but he believes that he could raise nonfrivolous arguments with different counsel or pro se. In reviewing the potential arguments, however, we identify no nonfrivolous issues to appeal.

At his original sentencing, Fox faced mandatory minimum sentences of 84 months' and 300 months' imprisonment for the two brandishing counts under § 924(c), running consecutive to the sentence for his robbery convictions—each carrying a sentencing guidelines range of 63 to 78 months' imprisonment. The district court sentenced Fox to a total of 435 months' imprisonment—concurrent terms of 51 months for each robbery count, and consecutive terms of 84 and 300 months for the two § 924(c) convictions. The court also sentenced Fox to three years' supervised release.

Fox appealed, challenging his conviction on several grounds and arguing that he should be resentenced in light of the Supreme Court's decision in *Dean*. In that case, the Supreme Court clarified that under 18 U.S.C. § 3553, district courts have discretion to consider the length of a defendant's mandatory minimum sentence under § 924(c) when calculating an appropriate sentence for the predicate offense(s). 137 S. Ct. at 1176–78. We affirmed Fox's convictions but remanded for resentencing.

On remand, Fox filed a supplemental sentencing memorandum, arguing that the mandatory minimum sentence of 32 years' imprisonment for the two brandishing charges was sufficient to meet the aims of § 3553(a), and therefore no prison time should be imposed for the robbery convictions. Fox emphasized that he did not physically harm anyone, and that he stole a relatively small sum of $282.46. The court accepted a revised presentence investigation report, which calculated the same guidelines range as the one applied at Fox's initial sentencing. The district court resentenced Fox to the statutory minimum sentences of 84 months' and 300 months' imprisonment on the § 924(c) charges. But it imposed concurrent terms of 12 months and one day for each robbery. The district court also re-imposed three years of supervised release.

Counsel first considers whether Fox can challenge his conviction and properly concludes that doing so would be frivolous because Fox already appealed his conviction, and we affirmed it. The mandate rule and the law of the case doctrine prohibit a district court from revisiting on remand any issues expressly or impliedly

decided on appeal. *See United States v. Polland*, 56 F.3d 776, 777, 779 (7th Cir. 1995); *see also United States v. Adams*, 746 F.3d 734, 744 (7th Cir. 2014). Because only resentencing was within the scope of the mandate, Fox could not challenge his conviction again.

Nor can Fox raise any issue that *could have been* raised in his initial appeal, as those issues have been waived. *See United States v. Whitlow*, 740 F.3d 433, 438 (7th Cir. 2014); *United States v. Jackson*, 186 F.3d 836, 838 (7th Cir. 1999). Therefore, to the extent Fox invokes *United States v. Davis*, 139 S. Ct. 2319 (2019), to challenge his conviction (presumably on the ground that § 924(c)(3)(B)'s residual clause is unconstitutionally vague, *see id.* at 2336), he could not raise that argument in this appeal. When Fox first appealed, *Davis* had not been decided, but the argument was available. *See United States v. Cardena*, 842 F.3d 959, 995–96 (7th Cir. 2016). In any case, Fox's argument would be frivolous: we have confirmed that a Hobbs Act robbery is a crime of violence under the still-valid "elements clause" of § 924(c). *See Haynes v. United States*, 936 F.3d 683, 690 (7th Cir. 2019); *Fox*, 878 F.3d at 579.

The only potential arguments available to Fox on appeal pertain to his resentencing. Counsel first concludes, correctly, that any challenge to Fox's guidelines range would be frivolous. Fox would be barred from challenging the guidelines calculations in this appeal because he did not challenge the identical guidelines ranges in his first appeal or at resentencing. *See United States v. Sumner*, 325 F.3d 884, 891–92 (7th Cir. 2003). We also agree with counsel that it would be frivolous to argue that the district court made any other procedural errors, such as "incorrectly calculating the guidelines range, failing to consider the section 3553(a) factors, selecting a sentence based on clearly erroneous facts, or failing to explain adequately the chosen sentence." *United States v. Griffith*, 913 F.3d 683, 687 (7th Cir. 2019).

Next, counsel concludes that challenging the substantive reasonableness of Fox's sentence would be frivolous. We presume that a below-guidelines sentence is reasonable. *See United States v. Jackson,* 598 F.3d 340, 345 (7th Cir. 2010). And we agree with counsel that Fox could not overcome that presumption. During the resentencing hearing, the district court addressed the nature and circumstances of the offense (the seriousness of threatening victims at gunpoint) and Fox's history and characteristics (his difficult upbringing, his conduct in prison, and that he was on parole when he committed the robberies). The court also exercised its discretion under *Dean* to consider Fox's statutory minimum sentences under § 924(c), explaining that although a within-guidelines sentence would be "piling on," imposing no punishment for the

robberies would be inappropriate. The court then imposed 12 months and one day on each count of robbery (to be served concurrently). This sentence was 51 months below the low end of the guidelines range (63 to 78 months), and 39 months below the previously imposed sentence.

Fox raises two last potential arguments. First, he seeks to modify his sentence under 18 U.S.C. § 3582(c)(2). That request is beyond the scope of this direct appeal. We note that Fox has filed the appropriate motion in the district court, *see United States v. Taylor*, 778 F.3d 667, 669–71 (7th Cir. 2015) (stating district court has subject-matter jurisdiction over § 3582(c)(2) motion), and dismissal of this appeal will not prevent him from pursuing that relief. Second, as counsel rightly determines, any claim of ineffective assistance of counsel would be futile on direct appeal; that argument is best raised on collateral review, where a record can be made to support it. *See Massaro v. United States*, 538 U.S. 500, 508–09 (2003); *United States v. Jones*, 696 F.3d 695, 702 (7th Cir. 2012).

We GRANT counsel's motion to withdraw and DISMISS the appeal.