In the

# United States Court of Appeals

## For the Seventh Circuit

No. 16-3435

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

*v.*

JAMES G. WHEELER,

*Defendant-Appellant.*

Appeal from the United States District Court
for the Eastern District of Wisconsin.
No. 15-CR-216 — **Pamela Pepper**, *Judge.*

ARGUED MAY 16, 2017 — DECIDED MAY 19, 2017

Before EASTERBROOK, SYKES, and HAMILTON, *Circuit Judges.*

EASTERBROOK, *Circuit Judge.* James Wheeler pleaded guilty to an attempt to obstruct interstate commerce by robbery, in violation of the Hobbs Act, 18 U.S.C. §1951(a), and to using a gun (by shooting someone) during that crime, in violation of 18 U.S.C. §924(c)(1)(A)(iii). The guilty plea did not reserve any issue for appeal under Fed. R. Crim. P. 11(a)(2). To the contrary, Wheeler acknowledged in the writ-

ten plea agreement that he "acknowledges and understands that he surrenders any claims he may have raised in any pretrial motion." The district court sentenced him to 108 months for the Hobbs Act offense and a consecutive 120 months for the firearms offense.

Section 924(c)(1)(A) requires a minimum 10-year penalty for anyone who discharges a firearm "during and in relation to any crime of violence". Paragraph (c)(3) defines as a "crime of violence" any felony that "(A) has as an element the use, attempted use, or threatened use of physical force against the person or property of another, or (B) that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense." Subparagraph (A) is known as an elements clause and subparagraph (B) as a residual clause. The indictment charged Wheeler with violating §924(c)(1) because robbery, in violation of the Hobbs Act, is a "crime of violence" under the definition in §924(c)(3).

Despite entering an unconditional guilty plea to the firearms charge, Wheeler now insists that he cannot be guilty because attempted robbery is not a "crime of violence". It can't be a crime of violence under the residual clause, he maintains, because that clause is unconstitutionally vague. (So we held in *United States v. Cardena*, 842 F.3d 959, 995–96 (7th Cir. 2016). The Supreme Court may decide in *Sessions v. Dimaya*, No. 15–1498 (argued Jan. 17, 2017), whether that conclusion is correct.) And it can't be a crime of violence under the elements clause, Wheeler contends, because an *attempt* to rob a retail establishment does not have the use of physical force "as an element" because it is possible to come close enough to success to be an "attempt" without commit-

ting one of the acts that would use or threaten violence for purposes of the completed crime.

The crime defined in the Hobbs Act requires either actual or threatened force as an element, see *United States v. Anglin*, 846 F.3d 954 (7th Cir. 2017), and the prosecutor contends that attempts should be classified with completed offenses. So we held in *United States v. Armour*, 840 F.3d 904, 907–09 (7th Cir. 2016), about attempted bank robbery, and the prosecutor believes that by parallel to *Armour* an attempted retail-store robbery is a crime of violence. See also *Morris v. United States*, 827 F.3d 696, 698–99 (7th Cir. 2016) (concurring opinion) (concluding that attempt to commit a crime of violence is itself a crime of violence under §924(e)).

We need not decide who is right about this, because Wheeler waived his position by pleading guilty—and to make the waiver doubly clear he acknowledged in writing that the plea surrendered any argument that could have been raised in a pretrial motion. Wheeler now contends that the indictment did not charge a §924(c)(1) offense because attempted Hobbs Act robbery is not ever a "crime of violence". Such an argument not only *could* have been presented by pretrial motion but also *had* to be so presented under Fed. R. Crim. P. 12(b)(3)(B)(v), which provides that "failure to state an offense" is the sort of contention that "must" be raised before trial.

That *Cardena* post-dates the guilty plea does not matter. *Johnson v. United States*, 135 S. Ct. 2551 (2015), holds that the residual clause in 18 U.S.C. §924(e)(2)(B)(ii), part of the Armed Career Criminal Act, is unconstitutionally vague. *Cardena* concludes that *Johnson*'s rationale invalidates the two remaining residual clauses in the Criminal Code—one

in 18 U.S.C. §16(b) and the other in §924(c)(3)(B)—despite the difference in the language between these residual clauses and the one in the ACCA. (*Dimaya* presents the question whether the difference is constitutionally significant.) Neither *Cardena* nor *Johnson* has anything to do with the elements clauses in §924(c) and other statutes. For that reason and others we held in *Davila v. United States*, 843 F.3d 729 (7th Cir. 2016), that a person who pleads guilty to a §924(c) charge cannot use *Johnson* and *Cardena* to reopen the subject and ask a court of appeals to upset the conviction.

At oral argument Wheeler's lawyer allowed that *Davila* is on point but asked us to reconsider that decision in light of the Supreme Court's grant of review in *Class v. United States*, No. 16–424 (U.S. Feb. 21, 2017). The question presented in *Class* is whether an unconditional guilty plea waives a defendant's right to contest the constitutionality of the statute of conviction. We do not see any need to wait for the Court's decision in *Class* or to revisit the holding of *Davila*. Wheeler's statute of conviction is §924(c)(1), which penalizes using a firearm during or in relation to a crime of violence. Wheeler does not contend that §924(c)(1) is invalid. Class maintains that he had a constitutional right not to be indicted; Wheeler does not make any argument of that kind. Wheeler attacks one component of the definition of "crime of violence" in §924(c)(3) but does not contend that it is constitutionally impermissible for an indictment to charge that attempted Hobbs Act robbery is a crime of violence under the elements clause. In other words, Wheeler does not assert a constitutional immunity from prosecution. Whether attempted Hobbs Act robbery satisfies the elements clause in §924(c) is a statutory issue. For the reasons given in *Davila*, an uncon-

ditional guilty plea waives any contention that an indictment fails to state an offense.

Wheeler presents a second contention: that he should be resentenced in light of *Dean v. United States*, 137 S. Ct. 1170 (2017). The Supreme Court held that 18 U.S.C. §924(c)(1)(D)(ii), which requires a sentence under §924(c) to run consecutively to the sentence for the offense in which the firearm was used, does not implicitly forbid the district court to choose a term of imprisonment for the predicate offense so that the aggregate imprisonment comports with the sentencing criteria in 18 U.S.C. §3553(a). Wheeler correctly observes that *Dean* supersedes *United States v. Roberson*, 474 F.3d 432 (7th Cir. 2007), which had held that a district court must not reduce the sentence for the predicate crime in order to offset the consecutive §924(c) sentence.

If there were some reason to think that the district court had felt compelled by *Roberson* to set Wheeler's total sentence at 228 months rather than a shorter term, Wheeler would be entitled to a fresh sentencing. But the record does not so much as hint that the district judge felt constrained by *Roberson*. The judge did not mention *Roberson* or say that she would have preferred to give Wheeler a total sentence below 228 months. Instead the judge sentenced Wheeler to 108 months for the Hobbs Act crime, a sentence above the Guidelines range of 84 to 105 months for that offense. It is inconceivable that a judge who imposed a sentence above the Guidelines range for the predicate crime did so because of *Roberson*. *Dean* accordingly does not affect Wheeler's sentence.

AFFIRMED