NONPRECEDENTIAL DISPOSITION

To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted October 23, 2017*
Decided October 24, 2017

**Before**

FRANK H. EASTERBROOK, *Circuit Judge*

MICHAEL S. KANNE, *Circuit Judge*

DAVID F. HAMILTON, *Circuit Judge*

No. 16-2511

| | |
|---|---|
| UNITED STATES OF AMERICA, *Plaintiff-Appellee,* | Appeal from the United States District Court for the Southern District of Indiana, Indianapolis Division. |
| *v.* | |
| | No. 1:05CR00194-001 |
| FREDERICK T. GARNER, *Defendant-Appellant.* | Larry J. McKinney, *Judge.* |

**O R D E R**

Frederick Garner was convicted of distributing cocaine and other drug offenses, *see* 21 U.S.C. §§ 841(a)(1), 846, and possessing a firearm in furtherance of those crimes, *see* 18 U.S.C. § 924(c)(1)(A). For reasons not relevant here (explained in *Garner v. United States*, 808 F.3d 716 (7th Cir. 2015)), Garner has been sentenced for this conviction

---

* We have agreed to decide this case without oral argument because the briefs and record adequately present the facts and legal arguments, and oral argument would not significantly aid the court. FED. R. APP. P. 34(a)(2)(C).

three times already. This appeal concerns his second resentencing, at which the district judge imposed a 151-month prison sentence for the drug crimes and a consecutive 60-month prison term for his § 924(c) conviction. The district judge, in accordance with our decision in *United States v. Roberson*, 474 F.3d 432, 436–37 (7th Cir. 2007), decided on the 151-month term independently from the mandatory 60-month term under § 924(c).

After Garner's third resentencing, the Supreme Court clarified that a district court may consider the mandatory consecutive term under § 924(c) when deciding what sentence to impose for the underlying crime. *Dean v. United States*, 137 S. Ct. 1170 (2017). Because this holding supersedes *Roberson*, the parties agree that Garner must be resentenced so that the district court can fashion an overall prison sentence that accounts for both convictions.

Before ordering a remand under *Dean*, however, we must ask whether the record suggests that the district judge might have chosen a different sentence knowing he had the discretion to offset the term of imprisonment for the predicate crimes against the consecutive term mandated by § 924(c). *See United States v. Wheeler*, 857 F.3d 742, 745 (7th Cir. 2017). But if our holding in *Roberson* did not cause the judge to impose a longer total prison sentence than he otherwise would have, there is no need to remand. We decided *Wheeler* after the parties filed their briefs, so neither addresses this question.

In *Wheeler*, it was "inconceivable" that the judge, who imposed a prison sentence for the predicate crime that was far above the guidelines range, would have reduced the sentence but for *Roberson*. 857 F.3d at 745. In this case, by contrast, it is possible that the district judge believed he had to choose the sentence for the predicate drug crimes without reference to the sentence under § 924(c). The judge noted Garner's good behavior in prison and said that "there is every bit of a chance that you're done with the criminal law." The judge then imposed concurrent sentences at the lowest end of the guidelines range, 151 months, and stated: "[T]hen you will get the 60 months beyond that and that will be the total of your sentence." The judge's remarks and his selection of concurrent prison sentences at the bottom end of the guidelines range imply that he might have imposed a lower overall sentence had he known he could consider the convictions holistically.

The case must be remanded for resentencing pursuant to *Dean*.

VACATED and REMANDED.