NONPRECEDENTIAL DISPOSITION

To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Argued October 4, 2017
Decided November 14, 2017

**Before**

WILLIAM J. BAUER, *Circuit Judge*

FRANK H. EASTERBROOK, *Circuit Judge*

DANIEL A. MANION, *Circuit Judge*

No. 16-3505

| | |
|---|---|
| UNITED STATES OF AMERICA, *Plaintiff-Appellee*, | Appeal from the United States District Court for the Northern District of Illinois, Eastern Division. |
| *v.* | No. 13 CR 650-2 |
| PARIS STARWALT, *Defendant-Appellant*. | Virginia M. Kendall, *Judge*. |

## O R D E R

Paris Starwalt challenges the aggregate 25-year sentence he received after he pleaded guilty to conspiracy to commit Hobbs Act robbery, 18 U.S.C. § 1951(a), attempted carjacking, *id*. § 2119(1), and brandishing a gun during a crime of violence, *id*. § 924(c)(1)(A)(ii). He argues that Hobbs Act robbery—the predicate for his § 924 conviction—is not a crime of violence after *Johnson v. United States*, 135 S. Ct. 2551 (2015), and that he is entitled to resentencing under *Dean v. United States*, 137 S. Ct. 1170 (2017). Starwalt waived his first argument by pleading guilty, and *United States v. Wheeler*, 857 F.3d 742 (7th Cir. 2017), *petition for cert. filed* (U.S. Aug 16, 2017) (No. 17-5660), renders his second argument frivolous. We affirm.

In September and October of 2012, Starwalt and two confederates robbed a gas station and two jewelry stores in the Chicago area, making off with over $300,000 worth of merchandise. Starwalt pistol-whipped a customer during one of the robberies, and he pointed a gun at store employees during each of the other two. Starwalt and another member of his crew were arrested shortly after they tried, unsuccessfully, to carjack a getaway vehicle to escape from the third robbery.

This prosecution followed, and eventually Starwalt pleaded guilty to one count of attempted carjacking, one count of conspiracy to commit Hobbs Act robbery, and one count of brandishing a firearm during and in relation to both the conspiracy and one of the separately charged robberies not covered by his guilty plea. In his written plea agreement, Starwalt preserved his right to appeal only "the validity of [the] plea of guilty and the sentence imposed."

A probation officer calculated a Guidelines imprisonment range of 188 to 235 months for the conspiracy and carjacking convictions, based on Starwalt's criminal-history category of VI. The officer noted also that under §§ 924(c)(1)(A)(ii) and 924(c)(1)(D)(ii), the court was required by statute to sentence Starwalt to a consecutive 7 years for brandishing a gun during and in relation to a crime of violence.

The district court imposed concurrent 216-month sentences for the Hobbs Act and carjacking counts, and also the required 84-month consecutive sentence for the brandishing count, for a total of 25 years' imprisonment. The judge explained that a lengthy term of imprisonment was necessary to protect the community from Starwalt's "repeated pattern of aggressive behavior" and to deter others from also committing "horrific" violent crimes.

In this court Starwalt contends for the first time that Hobbs Act robbery is not a "crime of violence" that can serve as a predicate for a conviction under 18 U.S.C. § 924(c). But, as the government correctly notes, Starwalt waived this argument when he pleaded guilty to the § 924(c) count, *see Wheeler*, 857 F.3 at 744–45; *see also Davila v. United States*, 843 F.3d 729, 731–32 (7th Cir. 2016) (involving collateral attack). Starwalt did not move to withdraw his guilty plea in the district court, does not argue on appeal that his guilty plea was unknowing or involuntary, and does not even respond to the government's waiver argument. Moreover, the waiver is "doubly clear" because Starwalt never moved to dismiss the § 924(c) count on the ground that conspiracy to commit robbery and Hobbs Act robbery are not "crimes of violence."

*See Wheeler*, 857 F.3d at 744. A defendant must argue before trial or pleading guilty that the indictment does not state an offense. *Id*.

Regardless, Starwalt's argument fails on the merits. Although this court held in *United States v. Cardena*, 842 F.3d 959, 995–96 (7th Cir. 2016), *cert. denied*, No. 17-5321, 2017 WL 3184728 (U.S. Oct. 2, 2017), that the "residual clause" in 18 U.S.C. § 924(c)(3)(B) is unconstitutionally vague, Hobbs Act robbery still qualifies as a crime of violence under the "elements clause" in § 924(c)(3)(A), *see United States v. Rivera*, 847 F.3d 847, 848–49 (7th Cir. 2017), *cert. denied*, 137 S. Ct. 2228 (2017); *United States v. Anglin*, 846 F.3d 954, 965 (7th Cir. 2017), *remanded on other grounds*, No. 16-9411, 2017 WL 2378833 (U.S. Oct. 2, 2017); *United States v. Gooch*, 850 F.3d 285, 292 (6th Cir. 2017), *cert denied*, 137 S. Ct. 2230 (2017); *United States v. Hill*, 832 F.3d 135, 140–44 (2d Cir. 2016); *In re St. Fleur*, 824 F.3d 1337, 1340–41 (11th Cir. 2016); *United States v. Howard*, 650 F. App'x 466, 468 (9th Cir. 2016). All of these cases hold that Hobbs Act robbery necessarily entails using or threatening force. *See also United States v. Robinson*, 844 F.3d 137, 141–44 (3d Cir. 2016) (holding that Hobbs Act robbery committed while brandishing a firearm is a crime of violence), *cert. denied*, No. 17-5139, 2017 WL 3008904 (U.S. Oct. 2, 2017). Although Starwalt maintains that *Rivera* and *Anglin* were wrongly decided, he offers no compelling reason for reconsidering those decisions, and he states that he raised this issue "primarily for possible Supreme Court review."

The § 924(c) conviction was also predicated on the conspiracy to commit Hobbs Act robbery, and Stalwart argues that this crime, too, is not a crime of violence for purposes of § 924(c). This is an issue of first impression, but the court need not reach it. The argument is waived for the same reasons as the first, and although Starwalt did not plead guilty to any counts of the indictment charging a Hobbs Act robbery, he nevertheless admitted in his plea agreement that he did, in fact, rob all three stores. Simply admitting to the robberies provided a basis for a conviction for the § 924(c) offense. *See Davila*, 843 F.3d at 731. Therefore, whether or not conspiracy to commit robbery is, in itself, a crime of violence does not matter.

Starwalt next maintains that he must be resentenced in light of *Dean v. United States*. *Dean* supplanted *United States v. Roberson*, 474 F.3d 432, 436–37 (7th Cir. 2007), which held that a sentencing judge cannot reduce the sentence for a predicate crime to balance out the mandatory consecutive sentence prescribed for a conviction under 18 U.S.C. § 924(c). In *Dean*, however, the Court concluded that a district court may consider a defendant's sentence under § 924(c) in calculating a just sentence for a predicate count. 137 S. Ct. at 1176–77. Because the Court did not decide *Dean* until after

Starwalt was sentenced, he now argues for the first time that the district judge plainly erred when she did not consider "the relationship between the sentence for his robbery offense and the minimum consecutive sentence for the § 924(c) offense."

*Wheeler*, a case indistinguishable from this one, forecloses Starwalt's argument. This court concluded in *Wheeler* that a defendant was not entitled to resentencing under *Dean* because it was "inconceivable that a judge who imposed a sentence above the Guidelines range for the predicate crime did so because of *Roberson*." *Wheeler*, 857 F.3d at 745. And so it is here; neither the parties nor the judge mentioned *Roberson* at the sentencing hearing, and the judge's sentence above the middle of the Guidelines range suggests that she could not have thought that Starwalt deserved a lower overall sentence. If anything, the record suggests that, despite *Roberson*, the judge *did* consider the effect of the sentence for the brandishing count when she crafted the sentences for conspiracy and carjacking: she structured the sentences so they would work out to "a total of 25 years in prison."

AFFIRMED.