In the

# United States Court of Appeals
## For the Seventh Circuit

No. 18-3340

ZENON GRZEGORCZYK,

*Petitioner-Appellant,*

*v.*

UNITED STATES OF AMERICA,

*Respondent-Appellee.*

Appeal from the United States District Court for the
Northern District of Illinois, Eastern Division.
No. 1:16-cv-08146 — **Elaine E. Bucklo**, *Judge*.

ARGUED NOVEMBER 3, 2020 — DECIDED MAY 13, 2021

Before KANNE, SCUDDER, and ST. EVE, *Circuit Judges*.

ST. EVE, *Circuit Judge*. In the spring of 2012, Zenon Grze-
gorczyk hired two men to kill his ex-wife and five of her
friends in exchange for $48,000. Fortunately, his plan was des-
tined to fail—the two men he sought out for the task were un-
dercover law enforcement officers. A grand jury returned a
four-count indictment charging him with three counts of us-
ing a facility of interstate commerce with intent that murder
be committed ("murder-for-hire") in violation of 18 U.S.C.

§ 1958(a), and one count of possession of a firearm in further-
ance of a crime of violence in violation of 18 U.S.C.
§ 924(c)(1)(A). In July 2014, pursuant to a written plea agree-
ment with the government, Grzegorczyk pled guilty to one
count of murder-for-hire and the firearm charge. The district
court sentenced him to 151 months in prison for the murder-
for-hire count and a consecutive 60 months for the firearm
count.

Grzegorczyk now seeks relief from his § 924(c) conviction
pursuant to 28 U.S.C. § 2255. But because he signed an uncon-
ditional plea agreement, the district court found his challenge
waived and denied relief. We affirm.

## I. Background

### A. Factual Background

In April 2012, Grzegorczyk hired two men to kill his ex-
wife and several other individuals whom he deemed respon-
sible for his divorce and the loss of custody of his son. Grze-
gorczyk was unaware at the time that the two men he hired
were undercover law enforcement officers.

Grzegorczyk met the men at a fast-food restaurant in Chi-
cago two weeks later to put his plan in motion. After meeting
them in the parking lot of the restaurant, he got into their ve-
hicle and directed them to the residences of his intended vic-
tims. Grzegorczyk produced photographs of some of his in-
tended victims and described them in more detail. He also
provided license plate numbers for two of the intended vic-
tims' vehicles. Grzegorczyk told the men that he wanted the
murders completed before June 2012 because he would have
an alibi during that time. He agreed to a $3,000 down pay-
ment for the murders.

The following week, Grzegorczyk met the men for a final time. He entered their vehicle again, this time carrying a small duffle bag. Grzegorczyk showed the men photos of additional individuals he wanted murdered, bringing the total to six. Grzegorczyk then opened the duffle bag and gave the undercover officers $3,000 in cash as the down payment he had promised. He also showed them the remaining contents of the bag: $45,000 in cash that he intended to pay upon completion of the murders, a 9mm semi-automatic handgun, and two magazines loaded with 40 live rounds of ammunition. Grzegorczyk left the officers' vehicle and returned to his car. He was then arrested.

## B. Procedural Background

On July 17, 2014, Grzegorczyk pled guilty to one count of murder-for-hire in violation of 18 U.S.C. § 1958(a) and one count of possession of a firearm in furtherance of a crime of violence in violation of 18 U.S.C. § 924(c)(1)(A). Pursuant to the written plea agreement, Grzegorczyk waived, among other rights, the right to "all appellate issues that might have been available if he had exercised his right to trial." Under the agreement, he could only appeal the validity of his guilty plea and the sentence imposed. On October 24, 2014, the district court imposed a within-Guidelines sentence of 151 months for the murder-for-hire offense, and a consecutive 60 months for the firearm offense. We affirmed that sentence on appeal. *United States v. Grzegorczyk*, 800 F.3d 402 (7th Cir. 2015).

That same year, the Supreme Court decided *Johnson v. United States*, invalidating as unconstitutionally vague the definition of a "violent felony" under the residual clause of the Armed Career Criminal Act. 576 U.S. 591, 606 (2015); *see* 18 U.S.C. § 924(e)(2)(B)(ii). The Court later extended the logic

of *Johnson* to the residual clause of § 924(c), invalidating the definition of "crime of violence" in that statute's residual clause as unconstitutionally vague. *United States v. Davis*, 139 S. Ct. 2319 (2019); *see* § 924(c)(3)(B). Following *Davis*, a § 924(c) conviction based on a crime of violence may rely only on the statute's "elements clause." *See* § 924(c)(3)(A).

Grzegorczyk petitioned the district court pursuant to 28 U.S.C. § 2255 for relief from his § 924(c) conviction in light of *Johnson* and *Davis*.\* The district court denied relief, finding that Grzegorczyk waived his *Johnson* challenge when he pled guilty to a crime of violence. *United States v. Grzegorczyk*, No. 1-16-cv-08146, 2018 WL 10126077, at \*1 (N.D. Ill. Oct. 17, 2018). The court did not address the merits of his claim. Grzegorczyk timely appealed.

## II. Discussion

On appeal, Grzegorczyk asks us to vacate his § 924(c) conviction and remand for resentencing because, after *Johnson* and *Davis*, a predicate crime of violence must be a felony that satisfies § 924(c)'s elements clause and, he asserts, murder-for-hire is not such a felony. We agree with the district court that Grzegorczyk waived this challenge to the legal sufficiency of the § 924(c) charge by pleading guilty. Thus, we need not decide whether murder-for-hire is a crime of violence under § 924(c)(3)(A).

---

\* *Davis* had not yet been decided when Grzegorczyk filed his § 2255 petition, but he argued—and we had already held—that *Johnson*'s reasoning extended to the definition of "crime of violence" in § 924(c)(1)(B). *United States v. Cardena*, 842 F.3d 959, 996 (7th Cir. 2016).

We denied similar challenges in *Davila v. United States*, 843 F.3d 729 (7th Cir. 2016), and *United States v. Wheeler*, 857 F.3d 742 (7th Cir. 2017). In *Davila*, the petitioner pled guilty to conspiring to commit robbery in violation of the Hobbs Act, 18 U.S.C. § 1951, and to violating § 924(c)'s residual clause by possessing a firearm in connection with the planned robbery and in connection with a separate drug trafficking crime. Following *Johnson*, he filed a § 2255 petition seeking relief from his § 924(c) conviction on the theory that conspiracy to commit robbery could only be considered a crime of violence under § 924(c)'s residual clause. We rejected Davila's arguments and held that Davila had relinquished his right to challenge his § 924(c) conviction as a condition of his plea agreement. *Davila*, 843 F.3d at 732. Absent a lack of subject-matter jurisdiction or a constitutional problem with "the very institution of the criminal charge," Davila's guilty plea foreclosed his collateral attack. *Id.* at 733 (citing *United States v. Broce*, 488 U.S. 563, 569 (1989)).

We addressed an almost-identical challenge in *Wheeler*, where we reiterated that a criminal defendant who pleads guilty to a § 924(c) charge cannot automatically "reopen the subject and ask a court of appeals to upset the conviction" based on *Johnson*. 857 F.3d at 744. To the contrary, "an unconditional guilty plea waives any contention that an indictment fails to state an offense." *Id.* at 745.

Grzegorczyk pled guilty. In doing so, he admitted to knowingly using a facility of interstate commerce with intent that a murder be committed in violation of 18 U.S.C. § 1958(a), as well as to "possession of a firearm, in furtherance of a crime of violence,"—murder-for-hire—in violation of § 924(c)(1)(A). Grzegorczyk's challenge to his § 924(c) conviction is the exact

type of claim we deemed waived by an unconditional guilty plea in *Davila* and *Wheeler*. Indeed, his argument that murder-for-hire cannot be deemed a crime of violence "not only *could* have been presented by pretrial motion but also *had* to be so presented under Fed. R. Crim. P. 12(b)(3)(B)(v), which provides that  failure to state an offense' is the sort of contention that  must' be raised before trial." *Id.*  at 744. Grzegorczyk acknowledges as much. Undeterred, he asks that we overrule those cases in light of the Supreme Court's more recent decision in *Class v. United States*, 138 S. Ct. 798 (2018).

In *Class*, the defendant pled guilty to possession of a firearm on U.S. Capitol grounds in violation of 40 U.S.C. § 5104(e) after he left a firearm locked in his car parked in a lot on the grounds of the Capitol. He expressly waived several rights by the terms of the plea agreement, but nonetheless appealed his conviction on the grounds that the statute violated the Second Amendment and the Due Process Clause. The Supreme Court reversed the D.C. Circuit's decision to dismiss Class's claims as waived, stressing that his claims "challenge[d] the Government's power to criminalize Class' (admitted) conduct." *Class*, 138 S. Ct. at 805. The Court explained that while, in general, "a valid guilty plea relinquishes any claim that would contradict the  admissions necessarily made upon entry of a voluntary plea of guilty,'" *id.* (quoting *Broce*, 488 U.S. at 573–74), Class's claims were different. In challenging the constitutional validity of his conviction, he did "not in any way deny that he engaged in the conduct to which he admitted." *Id.*

Here, unlike in *Class*, Grzegorczyk's claim *does* contradict the terms of his plea agreement. *See id.* at 804. In Grzegorczyk's written plea agreement, he specifically admitted that he "knowingly possessed a firearm, namely, a Taurus PT99

9mm semi-automatic pistol, in furtherance of a crime of vio-lence"—murder-for-hire—in violation of § 924(c)(1)(A). Alt-hough *Davis* invalidated the residual clause's definition of a crime of violence, it left the elements clause intact. Grzegor-czyk's conviction thus remains constitutionally permissible as long as murder-for-hire falls within the definition of a crime of violence under the elements clause. Grzegorczyk does not disagree, but nonetheless asserts that his challenge is consti-tutional in nature because, he argues, murder-for-hire is not a crime of violence under the elements clause.

Grzegorczyk misunderstands *Class* to mean that even though he pled guilty, he may nonetheless raise a constitu-tional challenge to his conviction, as long as his claim does not contradict the terms of the plea agreement (which, as we have explained, it does) and can be resolved by the facts in the rec-ord. We do not find *Class* so broad. Indeed, we recently re-jected this argument in *Oliver v. United States*, 951 F.3d 841 (7th Cir. 2020). There, petitioners pled guilty to charges under § 924(c) for brandishing a firearm during a crime of vio-lence—theft from a federally licensed firearm dealer in viola-tion of 18 U.S.C. § 922(u). *Oliver*, 951 F.3d at 843. The petition-ers sought relief pursuant to § 2255, arguing that, after *Davis*, theft from a federally licensed firearm dealer no longer counted as a crime of violence sufficient to sustain a convic-tion under § 924(c). Relying on *Class*, the petitioners asserted that their claims were nonwaivable because they challenged the constitutionality of the statute of their convictions. We de-termined, however, that "*Class* is not as sweeping as [petition-ers] contend," and dismissed their petitions as waived. *Id.* at 846.

*Class*, we explained, held only that "a guilty plea, *by itself*, does not implicitly waive a defendant's right to challenge the constitutionality of his statute of conviction." *Id.* But as we have also explained, an unconditional plea of guilty *is* sufficient to waive a defendant's right to contest the proper interpretation of the statute of conviction. *See Wheeler*, 857 F.3d at 744–45. Here, as in *Wheeler*, Grzegorczyk does not maintain that § 924(c) is invalid. *See id.* at 745. He has not challenged the government's power to criminalize his admitted conduct. *See Class*, 138 S. Ct. at 805. Instead, Grzegorczyk merely asserts that murder-for-hire is not a "crime of violence" under the elements clause. This is an issue of statutory construction, not a claim of constitutional immunity from prosecution. *See Wheeler*, 857 F.3d at 745. As we have explained before, an unconditional guilty plea implicitly waives such challenges. *See id.* ("[A]n unconditional guilty plea waives any contention that an indictment fails to state an offense."); *see also United States v. Grayson Enterprises, Inc.*, 950 F.3d 386, 402 (7th Cir. 2020). Grzegorczyk's claim is waived.

In a final attempt to avoid waiver, Grzegorczyk challenges the validity of his plea altogether. A valid guilty plea is one that a criminal defendant has made voluntarily and intelligently. *See Bousley v. United States*, 523 U.S. 614, 618 (1998). An "intelligent" plea requires that the defendant have "real notice of the true nature of the charge against him." *Id.* Grzegorczyk argues that because *Johnson* and *Davis* changed the scope of conduct supporting a conviction under § 924(c), he lacked "real notice" of the charges against him when he entered his plea agreement in 2014.

Grzegorczyk faces two procedural obstacles in challenging the validity of his plea. First, he did not attack the validity

of his plea on direct appeal. Thus, he may only raise the issue in a § 2255 petition if he "can first demonstrate either cause' and actual prejudice,' or that he is actually innocent.'" *Bousley*, 523 U.S. at 622 (citations omitted). He has failed to do so. Second, Grzegorczyk did not raise this issue in his § 2255 petition before the district court. He asserts this argument for the first time on appeal. Construing Grzegorczyk's pro se petition liberally, as we must, *see McNeil v. United States*, 508 U.S. 106, 113 (1993), Grzegorczyk did not raise any arguments suggesting he was contesting the validity of his plea in his § 2255 petition. This second default is decisive—the issue is waived. That is because Grzegorczyk "has made no attempt to demonstrate why his case qualifies as one of these rare civil case[s] where exceptional circumstances exist'" warranting plain-error review. *S.E.C. v. Yang*, 795 F.3d 674, 679 (7th Cir. 2015) (quoting *Jackson v. Parker*, 627 F.3d 634, 640 (7th Cir. 2010)); *see also Bourgeois v. Watson*, 977 F.3d 620, 629–30 (7th Cir. 2020).

Even if we were to consider Grzegorczyk's claim forfeited rather than waived and review for plain error, his plea-withdrawal argument still fails. Grzegorczyk cannot prove that there was any error, let alone one that was "clear and obvious," affected his substantial rights, and that "seriously affects the fairness, integrity, or public reputation of judicial proceedings," as is required to satisfy plain error review. *See United States v. Williams*, 946 F.3d 968, 971 (7th Cir. 2020). A change in the law after a defendant pleads guilty does not change the voluntariness of the plea at the time it was entered and does not justify a defendant withdrawing his plea. *See United States v. Mays*, 593 F.3d 603, 607 (7th Cir. 2010) (highlighting defendant's inability to "point to any authority that holds that the mere possibility of a change in Supreme Court precedent is a fair and just reason for withdrawal of a guilty

plea"). Grzegorczyk has long waived his right to contest the validity of his plea agreement, and in any event, cannot demonstrate any error justifying withdrawal of the agreement.

### III. Conclusion

Grzegorczyk pled guilty to possession of a firearm in furtherance of a crime of violence, murder-for-hire, in violation of § 924(c). By unconditionally pleading guilty, he waived his right to challenge the legal sufficiency of the § 924(c) charge.

AFFIRMED