NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted September 17, 2021
Decided May 31, 2022

**Before**

DIANE S. SYKES, *Chief Judge*

JOEL M. FLAUM, *Circuit Judge*

THOMAS L. KIRSCH II, *Circuit Judge*

| | |
|---|---|
| No. 19-3341 | |
| | Appeal from the |
| SINISA MURATOVIC, | United States District Court for the |
| *Petitioner-Appellant*, | Northern District of Illinois, |
| | Eastern Division. |
| *v.* | No. 16 C 6427 |
| UNITED STATES OF AMERICA, | Sharon Johnson Coleman, |
| *Respondent-Appellee*. | *Judge*. |

## O R D E R

In 2011 Sinisa Muratovic pleaded guilty to conspiracy to commit Hobbs Act robbery, 18 U.S.C. § 1951(a); attempted Hobbs Act robbery, *id.* §§ 1951(a) and 2; and possessing a firearm in furtherance of those offenses, *id.* § 924(c)(1)(A). We affirmed his convictions and sentence on direct appeal. Muratovic now challenges his sentence under 28 U.S.C. § 2255, arguing that after the Supreme Court's decisions in *Johnson v. United States*, 576 U.S. 591 (2015), and *United States v. Davis*, 139 S. Ct. 2319 (2019), the Hobbs Act violations do not qualify as "crimes of violence" under § 924(c). But his unconditional guilty plea waived his right to challenge the judgment on this ground.

*Grzegorczyk v. United States*, 997 F.3d 743, 746 (7th Cir. 2021); *United States v. Wheeler*, 857 F.3d 742, 744–45 (7th Cir. 2017). We therefore affirm the district court's dismissal of his § 2255 petition.

Muratovic's convictions stem from a course of events in 2008 in which he and his coconspirators planned the armed robbery of a truck that they believed would be carrying a large amount of drug money. They acquired firearms for that purpose and met to conduct the robbery but were arrested before they carried out the crime. Muratovic was charged with conspiracy to commit Hobbs Act robbery and attempted Hobbs Act robbery. He was also charged under § 924(c) with carrying and possessing a firearm in furtherance of a crime of violence, with the indictment identifying the conspiracy and attempt charges as the crimes of violence supporting the § 924(c) count.

Muratovic pleaded guilty to all three charges without a plea agreement and was sentenced in December 2011. He challenged his convictions on several grounds on direct appeal, but we affirmed the judgment across the board. *United States v. Muratovic*, 719 F.3d 809 (7th Cir. 2013).

Two years later the Supreme Court decided *Johnson*, which invalidated the "residual clause" definition of "violent felony" in the Armed Career Criminal Act as unconstitutionally vague. 576 U.S. at 597. The Supreme Court subsequently extended *Johnson*'s logic to § 924(c), holding that the residual clause in the definition of "crime of violence" is similarly unconstitutional. *Davis*, 139 S. Ct. at 2325–27. Accordingly, to qualify as a "crime of violence" under § 924(c), a crime must satisfy the "elements clause" of the definition; that is, it must "ha[ve] as an element the use, attempted use, or threatened use of physical force against the person or property of another." § 924(c)(3)(A). Muratovic argued in his § 2255 petition that after *Johnson* and *Davis*, his Hobbs Act convictions no longer qualify as crimes of violence.

The district judge dismissed Muratovic's § 2255 petition, holding that he waived this claim by unconditionally pleading guilty and also procedurally defaulted it by failing to raise it on direct appeal. We agree that he waived his claim and so do not reach the issue of default or the merits of his argument. We have held that an unconditional guilty plea waives any contention that an indictment fails to state an offense. *Wheeler*, 857 F.3d at 745. In the context of § 924(c), we have thus held that an unconditional plea waives a claim that a conviction does not qualify as a "crime of violence" under § 924(c). *Grzegorczyk*, 997 F.3d at 746; *Wheeler*, 857 F.3d at 745. Muratovic unconditionally pleaded guilty to the § 924(c) count; he did not preserve his right to challenge the validity of the charge.

Nonetheless, Muratovic argues that he may challenge the validity of his statute of conviction under *Class v. United States*, 138 S. Ct. 798, 803 (2018), which holds that a guilty plea does not waive a defendant's challenge to the constitutionality of his statute of conviction. We rejected this argument in *Grzegorczyk*, explaining that the issue of whether an offense is a "crime of violence" under § 924(c) is statutory rather than constitutional. 997 F.3d at 748. This case is controlled by *Grzegorczyk* and *Wheeler*. Muratovic's challenge to the legal sufficiency of his § 924(c) conviction is waived by his unconditional guilty plea.

AFFIRMED