In the

# United States Court of Appeals
## For the Seventh Circuit

No. 24-3173

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

*v.*

JERRON WILLIAMS,

*Defendant-Appellant.*

Appeal from the United States District Court for the
Northern District of Indiana, Hammond Division.
No. 2:21-CR-48 — **Jon E. DeGuilio**, *Judge.*

ARGUED FEBRUARY 10, 2026 — DECIDED MARCH 6, 2026

Before EASTERBROOK, SCUDDER, and KIRSCH, *Circuit Judges*.

KIRSCH, *Circuit Judge*. Jerron Williams pleaded guilty to assaulting a federal employee, 18 U.S.C. § 111(a)(1) & (b), and using a gun during a crime of violence, 18 U.S.C. § 924(c). At a change of plea hearing, the magistrate judge explained the charges and Williams and his attorney said they understood. The judge accepted the plea, and the district court sentenced him to 153 months in prison. But there was a mistake, Williams insists, because he and everyone else at his change of

plea hearing wrongfully believed that § 111(b) counted as a crime of violence to support his § 924(c) conviction. We need not decide whether Williams is right about § 111(b), both because he repeatedly waived this argument and because the judge correctly explained the nature of the charges. We therefore dismiss the appeal.

I

A uniformed United States Postal Service letter carrier was working in Gary, Indiana, and parked her vehicle in front of Jerron Williams's home. Williams backed his car into the delivery vehicle. He got out and began yelling at the mail carrier, and then went inside his house and retrieved a gun. The mail carrier began to drive away. Williams fired four shots into the retreating delivery vehicle, shattering a window. The mail carrier suffered cuts to her face and neck, and her vision was damaged.

A grand jury charged Williams with (1) assaulting a federal employee while using a deadly and dangerous weapon and inflicting bodily injury, 18 U.S.C. § 111(a)(1) & (b); (2) discharging a firearm during and in relation to a crime of violence, 18 U.S.C. § 924(c); and (3) unlawful possession of a firearm by a felon, 18 U.S.C. § 922(g)(1). Williams entered into an agreement with the government, pleading guilty to counts one and two and waiving his right to appeal his conviction and sentence. At a change of plea hearing, Williams told the magistrate judge that he had discussed each of the charges with his lawyer. The magistrate judge explained the law as follows:

> The essential elements of these crimes; in other words, what the Government would have to

prove beyond a reasonable doubt before you could be found guilty, are that you were in the Northern District of Indiana, and you forcibly assaulted, resisted, opposed, impeded, intimidated, or interfered with a person in the United States Postal Service while she was engaged in the performance of her official duties. And then while committing that act, you used a deadly or dangerous weapon or inflicted bodily injury and that you knowingly brandished and discharged and used a firearm during a crime of violence and knowingly possessed a firearm in furtherance of a crime of violence.

Williams's attorney agreed that these were the elements of the charged offenses, and Williams acknowledged that he understood the crimes to which he was pleading guilty. The government described what the evidence would show if the case were to proceed to trial, and Williams agreed with that account of the facts. He pleaded guilty to counts one and two, and the judge accepted his plea.

Before he was sentenced, Williams changed attorneys. He then moved to withdraw his plea, arguing that his first attorney had been ineffective because he advised Williams that if he did not plead guilty, he would be sentenced to life imprisonment. The district court held an evidentiary hearing, and Williams's first attorney testified that in the lead-up to the guilty plea, Williams had a theory to avoid being found guilty under § 924(c). The attorney told Williams that, to argue that theory, Williams would "have to testify if you're going to try to say that [firing the gun] didn't occur during a crime of violence." Similarly, Williams and his second attorney

repeatedly discussed the possibility that count one (the § 111 offense) wasn't a crime of violence, but Williams did not make that argument in support of his motion to withdraw the guilty plea. The district court denied the motion and sentenced Williams to 153 months in prison.

## II

On appeal, Williams argues for the first time that because § 111(b) isn't a crime of violence that can sustain a conviction under § 924(c), he pleaded guilty to a nonexistent offense. And because Federal Rule of Criminal Procedure 11 requires that a court only accept a guilty plea when a defendant understands "the nature of each charge to which the defendant is pleading" and there is a factual basis for the plea, see Fed. R. Crim. P. 11(b)(1)(G) & (3), Williams believes his guilty plea violated Rule 11 and his due process rights such that we must vacate his conviction. Because he raises this argument for the first time on appeal, we review only for plain error. *United States v. Schaul*, 962 F.3d 917, 921 (7th Cir. 2020).

Both due process and Rule 11 require that a defendant's guilty plea be made voluntarily, knowingly, and intelligently. *Bradshaw v. Stumpf*, 545 U.S. 175, 183 (2005). When a defendant pleads guilty to a crime without having been informed of the crime's elements—either by the court or counsel—that standard isn't met. *Id.* Similarly, a plea cannot stand when neither the defendant, nor his counsel, nor the court understood the essential elements of the crime. *Bousley v. United States*, 523 U.S. 614, 618–19 (1998). We consider the totality of the circumstances to decide if there's been a violation of Rule 11. See *United States v. Goliday*, 41 F.4th 778, 784–85 (7th Cir. 2022).

Even if Williams hadn't repeatedly waived argument that his plea was invalid (he did, as we discuss below), it would fail because the magistrate judge did all that was required. The judge accurately recounted the essential elements of a § 924(c) charge, and Williams (with his attorney) reviewed and discussed the plea agreement and indictment, which also explained that charge. To determine whether a factual basis existed for the plea, the court asked the government to outline what the evidence at trial would have been, and Williams confirmed the accuracy of those facts. In short, there was no confusion in the courtroom. Everyone understood that Williams's assault on the mail carrier (his conviction under § 111) was the "crime of violence" supporting his conviction under § 924(c). Cf. *United States v. Fard*, 775 F.3d 939, 944–45 (7th Cir. 2015) (finding a plea invalid when a defendant didn't understand an element of a charge and never admitted to acting with the requisite intent).

Based on our decision in *United States v. Jackson*, 310 F.3d 554 (7th Cir. 2002), Williams has, at best, a tenuous argument that § 111(b) isn't a crime of violence. Only offenses that require "purposeful or knowing conduct" qualify, *Borden v. United States*, 593 U.S. 420, 434 (2021) (plurality opinion), and § 111(b) doesn't count, Williams contends, because our decision in *Jackson* held that § 111(b) does not impose any mens rea requirement. But see *Jackson*, 310 F.3d at 556–57 (holding that a conviction under § 111(b) does not require a showing of mens rea *beyond the intent to assault which is required by § 111(a)*); *United States v. Feola*, 420 U.S. 671, 684 (1975) (finding that § 111 requires a showing of "an intent to assault").

Because Williams repeatedly waived this argument about statutory interpretation, we need not decide whether § 111(b)

is a crime of violence. Williams says the court should have known—based on *Jackson* and *Borden*—that § 111(b) could not serve as a § 924(c) predicate offense and should have told the parties as much. Neither Rule 11 nor due process, however, required the magistrate judge to conjure new legal theories on Williams's behalf. See *United States v. Broce*, 488 U.S. 563, 571 (1989) (a strategic miscalculation about the law isn't grounds to set aside an otherwise valid plea). There is (and was) no binding precedent in our circuit that § 111(b) cannot serve as predicate offense under § 924(c). Cf. *United States v. McDaniel*, 85 F.4th 176, 187–88 (4th Cir. 2023) (finding, after *Borden*, that § 111(b) is a crime of violence); *United States v. Medearis*, 65 F.4th 981, 986–87 (8th Cir. 2023) (same). And even if some later decision showed that Williams "did not correctly assess every relevant factor entering into his decision [to plead guilty]," that doesn't mean that his plea was invalid. *Bousley*, 523 U.S. at 619. A judge accepting a plea must ensure a defendant knows the essential elements of an offense and develop a related factual basis. The magistrate judge did just that. See also *United States v. Page*, 123 F.4th 851, 866–67 (7th Cir. 2024) (en banc) ("An error that is subject to reasonable dispute is not plain.").

Even if the court had erred in some way, it wouldn't matter because Williams waived this argument about § 111(b) three times over—first by pleading guilty, then by waiving his right to appeal, and finally by failing to raise it in his motion to revoke his plea.

Williams first waived this argument by pleading guilty. While he was entitled to notice of the true nature of the charges against him (as discussed above), "an unconditional plea of guilty *is* sufficient to waive a defendant's right to

contest the proper interpretation of the statute of conviction." *Grzegorczyk v. United States*, 997 F.3d 743, 748 (7th Cir. 2021). As in *Grzegorczyk*, Williams contends that a predicate offense is not a crime of violence under § 924(c). See *id.* Put differently, while Williams says he was misinformed about the essential nature of the § 924(c) charge, he is actually raising an issue of statutory interpretation—attacking one component of the definition of "crime of violence" in § 924(c). See *United States v. Wheeler*, 857 F.3d 742, 745 (7th Cir. 2017). That Williams, unlike in *Grzegorczyk*, raises his challenge under Rule 11 and based on the law as it existed at the time of his plea (rather than on a subsequent development) doesn't matter. The same waiver principles apply. "[A] valid guilty plea relinquishes any claim that would contradict the admissions necessarily made" by entering the plea. *Class v. United States*, 583 U.S. 174, 183 (2018) (citation modified). And Williams's claim—that § 111(b) wasn't a crime of violence—contradicts the admissions made in his guilty plea, because he admitted that he committed the crimes charged against him. See also *Brady v. United States*, 397 U.S. 742, 757 (1970) ("[A] voluntary plea of guilty intelligently made in the light of the then applicable law does not become vulnerable because later judicial decisions indicate that the plea rested on a faulty premise.").

Williams waived argument about § 111(b) a second time by agreeing not to appeal. In the written plea agreement, the government promised to dismiss the third count of the indictment and recommend a minimum Guidelines sentence. In exchange, Williams pleaded guilty to the first two counts and waived his right to appeal. An appeal waiver rises and falls with the plea agreement—when a plea is invalid because it was not made knowingly and intelligently, for instance, such challenges are excepted from the waiver. *United States v.*

*Edwards*, 145 F.4th 774, 780 (7th Cir. 2025). As discussed above, however, Williams's failure to understand a novel argument about § 111(b)'s status as a crime of violence didn't invalidate his plea such that he shouldn't be held to his appeal waiver. See *United States v. Vela*, 740 F.3d 1150, 1152–53 (7th Cir. 2014); *Oliver v. United States*, 951 F.3d 841, 845–46 (7th Cir. 2020). That Williams's argument is based on the law as it was at the time he pleaded guilty, rather than on some new development, doesn't matter. In either case, we hold a defendant to their promise not to appeal. See *Broce*, 488 U.S. at 573 (noting that the Supreme Court's decisions "have not suggested that conscious waiver is necessary with respect to each potential defense relinquished by a plea of guilty"); *Vela*, 740 F.3d at 1152–54. Williams voluntarily, intelligently, and knowingly entered into a plea agreement with an appeal waiver, and his appeal does not fall into any of the bargained-for exceptions. The waiver must be enforced.

Williams waived argument about § 111(b)'s status as a crime of violence a third time based on traditional waiver principles. When a defendant chooses to present one argument and not another, that's a "matter of strategy" and the arguments not made are waived. *United States v. Scott*, 900 F.3d 972, 974–75 (7th Cir. 2018). The record shows that Williams and his attorneys knew about and discussed a theory that § 111(b) wasn't a crime of violence before pleading guilty and again as he moved to revoke his plea. Yet in support of his motion to revoke, Williams argued only that his original counsel had been ineffective. That Williams or his attorney may not have been aware of the precise version of the § 111(b) argument he makes now (centering on *Jackson*) makes no difference. Williams was aware of a general objection to § 111(b)

as a § 924(c) predicate and (with his attorney) chose not to pursue it despite raising other arguments.

Like every defendant, Williams was entitled to notice of the true nature of the charges against him. The magistrate judge gave him that notice, and nothing in our circuit's precedent disagrees with the elements as the judge described them. Because Williams repeatedly waived the right to contest the proper interpretation of § 111(b) and § 924(c), we dismiss the appeal.

DISMISSED