In the

# United States Court of Appeals
## For the Seventh Circuit

No. 23-2567

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

*v.*

ECHO A. SCHEIDT,

*Defendant-Appellant.*

Appeal from the United States District Court for the
Northern District of Indiana, Fort Wayne Division.
No. 1:22-cr-00049-HAB-SLC-1 — **Holly A. Brady**, *Chief Judge.*

ARGUED MARCH 28, 2024 — DECIDED JUNE 7, 2024

Before BRENNAN, SCUDDER, and LEE, *Circuit Judges.*

SCUDDER, *Circuit Judge.* Many federal statutes make it a
crime to knowingly provide false statements to the govern-
ment and to obstruct justice. This is true when it comes to in-
terviews with law enforcement agents, filing tax returns, and
applying for federal licenses. And it is also true when it comes
to buying a firearm from a licensed dealer, as 18 U.S.C.
§ 922(a)(6) prohibits any person from knowingly making a
false oral or written statement on a fact material to a

transaction. Echo Scheidt did just that: she knowingly included false information in a Firearms Transaction Record, or ATF Form 4473, in five separate gun purchases. The false statements concerned law enforcement because it turned out Scheidt resold the firearms, with two of the guns then being used in two shootings, including a murder. We affirm her conviction. Adhering to our precedent, we reject her contention that the Second Amendment framework announced in *New York State Rifle & Pistol Ass'n, Inc. v. Bruen*, 597 U.S. 1 (2022), requires an in-depth examination of founding era history confirming the legal soundness of § 922(a)(6)'s prohibition on knowingly falsifying a document like ATF Form 4473 when buying a firearm.

# I

## A

The Bureau of Alcohol, Tobacco, Firearms, and Explosives requires firearms dealers to keep certain records relating to gun sales to assist federal authorities in both enforcing gun registration requirements and tracing firearms used in crimes. See 18 U.S.C. § 923(g)(1)(A). Implementing this obligation, the Bureau created ATF Form 4473—a standardized form that both purchasers must complete before acquiring a firearm and that dealers must maintain after a sale. See *id.*; see also 27 C.F.R. §§ 478.21–478.22, 479.21.

Form 4473 requires gun purchasers to provide personal information, such as their name, birth date, height, weight, and address. In no uncertain terms, the Form also tells buyers to tell the truth, for the "making [of] any false … written statement … with respect to [the] transaction, is a crime punishable as a felony under Federal law, and may also violate State

and/or local law." See Firearms Transaction Record, ATF.gov, available at https://www.atf.gov/firearms/docs/4473-part-1-firearms-transaction-record-over-counter-atf-form-53009/download (last visited June 6, 2024).

Between February 6 and April 5, 2022, Echo Scheidt purchased five handguns from two Indiana gun stores in five separate transactions. Each time she completed ATF Form 4473 and each time provided false addresses. Even though she resided in Fort Wayne, she listed home addresses in Marion and Upland, Indiana.

The firearms dealers did not immediately catch the false statements, leading to Scheidt acquiring five handguns. She then resold each of them and, following two shootings, including a murder in Elwood, Indiana, the authorities traced all five handguns back to her.

While investigating the shootings, the officers went to both the Upland and Marion addresses Scheidt listed on Form 4473. They learned that she did not live at either address. The Upland address was the site of an abandoned home, and the resident at the Marion address stated that Scheidt had not lived there for several years.

The Marion County Police Department eventually located Scheidt and asked her to submit to an interview about the two shootings. Scheidt lied about her current address during the interview, while also telling the police that she sold the guns at a yard sale and did not know who was responsible for the shootings. But the next day Scheidt changed course, called the police, and admitted to providing false answers in the interview. She then acknowledged that she purchased all five

firearms using fictious addresses, only later to sell them to a man she believed was affiliated with a Mexican drug cartel.

## B

A federal grand jury later indicted Scheidt on five counts of knowingly making a false written statement likely to deceive a firearms dealer in violation of 18 U.S.C. § 922(a)(6) and one count of knowingly making a false statement to a government agent in violation of 18 U.S.C. § 1001(a).

Scheidt moved to dismiss the five § 922(a)(6) counts, contending that the statute criminalized conduct protected by the Second Amendment. The district court denied the motion, concluding that the conduct prohibited by § 922(a)(6) enjoys no Second Amendment protection. The district court also emphasized that nothing about the Supreme Court's decision in *Bruen* alters that conclusion or, more generally, calls into question the constitutionality of federal false statement or obstruction of justice statutes. Section 922(a)(6) does not impose substantive restrictions on who may possess a firearm and instead, the district court continued, only prohibits making false statements, which is not Second Amendment protected conduct.

Scheidt pleaded guilty to all counts, and the district court sentenced her to 18 months' imprisonment. She now appeals.

## II

Scheidt may pursue a constitutional challenge to § 922(a)(6) even though she pleaded guilty without reserving the right to appeal. See *Class v. United States*, 583 U.S. 174, 183–84 (2018) (acknowledging that Federal Rule of Criminal Procedure 11(a)(2) permits certain kinds of constitutional challenges following an unconditional guilty plea). In doing so,

however, Scheidt may not challenge any factual admissions she made in pleading guilty. See *id.* at 180. Nor may she press statutory construction arguments that her conduct somehow falls outside the scope of § 922(a)(6). See *Grzegorczyk v. United States*, 997 F.3d 743, 748 (7th Cir. 2021) (emphasizing that unconditional guilty pleas waive issues of statutory construction). In short, Scheidt is limited to asserting, as she did in the district court, that § 922(a)(6) violates the Second Amendment.

By its terms, § 922(a)(6) prohibits making false statements "in connection with the acquisition … of any firearm" from a licensed dealer, "with respect to any fact material to the lawfulness of the sale or other disposition of such firearm or ammunition." Nobody disputes that the statute covers and prohibits Scheidt's submission of false information on ATF Form 4473. Plain and simple, she violated § 922(a)(6), foremost when she knowingly lied about her home address.

Scheidt urges us to see her appeal as raising a constitutional issue—whether the Second Amendment framework the Supreme Court adopted in *Bruen* applies to a false statement statute like § 922(a)(6). Her argument goes like this: Scheidt implores us to see her prosecution as covered by the Second Amendment because Congress conditioned her right to purchase a firearm on completing ATF Form 4473. Section 922(a)(6), she adds, further conditioned her right to possess a firearm by demanding honesty. The district court committed error, Scheidt tells us, when it failed to undertake the *Bruen*-mandated historical analysis and thus to determine whether our nation has a history and tradition of requiring the completion of registration forms prior to sale.

We disagree and do not see this as a Second Amendment case. Ordinary information-providing requirements, like those imposed by ATF Form 4473 and enforced through criminal statutes like § 922(a)(6), do not "infringe" the right to keep and bear arms. Completing ATF Form 4473, and adhering to its attendant truth-telling requirement, is conduct that is outside the scope of the Second Amendment's protections, not requiring application of *Bruen*'s historical analysis framework. Cf. *Huddleston v. United States*, 415 U.S. 814, 825 (1974) (explaining that ATF Form 4473 is a "means of providing adequate and truthful information about firearms transactions" to assist the government's detection of a firearm that is either obtained for an illegal purpose or purchased by someone who is ineligible to own a firearm). Only in the most indirect way—and even then, too indirectly—does § 922(a)(6) implicate the right to bear arms.

What's more, Scheidt's position on appeal runs headlong into our recent decision in *United States v. Holden*, 70 F.4th 1015 (7th Cir. 2023). There we observed that "[t]he power to collect accurate information is of a different character—and stands on a firmer footing—than the power to prohibit particular people from owning guns."  Put another way, Scheidt may not lie when completing Form 4473 and then turn around and challenge her § 922(a)(6) conviction on the ground that the information requirement itself is invalid. See *United States v. Knox*, 396 U.S. 77, 79 (1969) ("[O]ne who furnishes false information to the Government in feigned compliance with a statutory requirement cannot defend against prosecution for his fraud by challenging the validity of the requirement itself."); see also *Holden*, 70 F.4th at 1018 ("People cannot engage in self help by telling lies to avoid the inquiry whether § 922(n) may properly apply to them; they must tell the truth

and seek judicial relief on the ground that § 922(n) would be invalid with respect to them, in particular."). Scheidt faced a federal prosecution for providing false information to the government, full stop.

Scheidt urges us to see ATF Form 4473 as akin to a condition precedent that imposes an unconstitutional barrier to individual gun possession. We decline. Neither the Form nor the requirement to complete it impose any sort of unconstitutional condition under the Second Amendment. Rather, ATF Form 4473 helps screen for purchasers who run afoul of regulations informing who may lawfully possess a firearm and what kind of firearm that person may possess. The plain text of the Second Amendment does not cover Scheidt's conduct, so there is no need to conduct a historical analysis of gun registration forms.

In the final analysis, our reasoning in *Holden* controls. Section 922(a)(6) restricts fraudulent statements, not firearm purchases. See 70 F.4th at 1017. Indeed, it is well understood that "false statements may be punished even when the government is not entitled to demand answers." *Id.* (collecting cases). We follow *Holden*'s direction and conclude that the Second Amendment does not immunize purchasers from knowingly providing misstatements in ATF Form 4473.

For these reasons, we AFFIRM.