**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 24-1895
_____

UNITED STATES OF AMERICA

v.

ZHI DONG,
                    Appellant
_____

On Appeal from United States District Court
for the District of Delaware
(D.C. No. 1:21-cr-00057-001)
U.S. District Judge: Honorable Maryellen Noreika
_____

Submitted Under Third Circuit L.A.R. 34.1(a)
March 10, 2025
_____

Before: SHWARTZ, RESTREPO, and CHUNG, <u>Circuit Judges</u>.

(Filed: March 12, 2025)
_____

OPINION[*]
_____

_____

   [*] This disposition is not an opinion of the full Court and, pursuant to I.O.P. 5.7, does not constitute binding precedent.

SHWARTZ, Circuit Judge.

Zhi Dong appeals the sentence imposed for making false statements while purchasing firearms. Because the sentence is procedurally and substantively reasonable, we will affirm.

I

Dong bought nineteen pistols and ten lower receivers[1] from various Federal Firearms Licensees ("FFLs") in Delaware. On each occasion, Dong listed a Delaware address on the required government form, Form 4473,[2] and provided a driver's license with the same address. A few days later, law enforcement stopped a car occupied by Dong in Kansas. During a search of the trunk, law enforcement found the firearms Dong purchased in Delaware. Dong told law enforcement that he was transporting the firearms to California because he wanted them in the state for when he eventually moved there. After his release, Dong drove to California and dropped off the firearms at an FFL there.

Later, law enforcement attempted to locate Dong at the Delaware address listed on the Forms 4473 but learned that he had never lived there and actually resided in Maryland. In a subsequent interview with law enforcement, Dong admitted that he did

---

[1] During the relevant period, a "receiver" was defined as providing "housing for the . . . breechblock." 27 C.F.R. § 478.11 (effective March 26, 2019).

[2] Firearms dealers are required "to keep certain records relating to gun sales to assist federal authorities in both enforcing gun registration requirements and tracing firearms used in crimes." United States v. Scheidt, 103 F.4th 1281, 1282 (7th Cir. 2024). One such record is Form 4473, which requires "gun purchasers to provide personal information, such as their name . . . and address" and warns the purchaser that any false statement on the document "is a crime punishable as a felony under Federal law." Id. (internal quotation marks omitted).

not live in Delaware and had transported the firearms to California. Dong also stated that he left the firearms at an FFL in California because he intended to move there, but later contradicted himself, stating that he planned to move to Delaware. Law enforcement recovered all but one of the firearms Dong transported to California.

Dong pleaded guilty to two counts of making false statements on the Forms 4473 he completed when he purchased the firearms, in violation of 18 U.S.C. § 924(a)(1)(A). During the sentencing hearing, the District Court explained that it had reviewed the Presentence Report and the parties' sentencing memoranda, and based on Dong's total offense level of 13 and criminal history category of I, calculated the advisory Sentencing Guidelines range as twelve to eighteen months' imprisonment.

Both parties sought a downward variance. Dong sought probation or home confinement given his lack of a criminal record, employment history, role as the sole provider for his family, acceptance of responsibility, attempts to assist the Government, and good behavior while on pretrial release. The Government sought six months' imprisonment for similar reasons. The District Court declined to vary, explaining that (1) the Sentencing Guidelines accounted for Dong's lack of a criminal history, (2) Dong purchased a significant number of firearms, which others could have used "to commit crimes and kill" individuals and (3) there was a need to deter others from engaging in similar conduct. Supp. App. 39.

The District Court then imposed twelve months and one day of imprisonment. In imposing the sentence, the District Court stated that it had considered the relevant 18 U.S.C. § 3553(a) factors. As to the offense's nature and circumstances, the Court noted

3

that Dong (1) pled guilty to making false statements during the purchase of many firearms, one of which was still missing, (2) appeared to lie to law enforcement when they stopped him en route to California, and (3) committed "a very serious crime." Supp. App. 43. The Court acknowledged Dong's personal characteristics, including that he had lived in the United States for more than fifteen years with no "real criminal history," was gainfully employed for an extended period of time, accepted responsibility for his actions, and provided financial support to his family. Supp. App. 43. Finally, the Court noted the need for deterrence, to protect the public "from crimes like this" which place "so many guns on the street," and to avoid unwarranted sentencing disparities. Supp. App. 43-44.

The Court asked the parties whether the sentence it announced should not be imposed, and neither party objected.

Dong appeals.

II[3]

Dong contends that his sentence is procedurally and substantively unreasonable. His arguments lack merit.

---

[3] The District Court had jurisdiction pursuant to 18 U.S.C. § 3231. We have jurisdiction pursuant to 28 U.S.C. § 1291 and 18 U.S.C. § 3742. Where, as here, a defendant failed to raise a procedural objection in the District Court, we review the sentence's procedural reasonableness for plain error. United States v. Jabateh, 974 F.3d 281, 303 (3d Cir. 2020). We review the sentence's substantive reasonableness for abuse of discretion. United States v. Williams, 974 F.3d 320, 375 (3d Cir. 2020); see Holguin-Hernandez v. United States, 589 U.S. 169, 174-75 (2000) (explaining a defendant who "advocat[es] for a particular sentence" that is shorter than the one imposed has preserved for appeal his challenge to a sentence's substantive reasonableness).

A

In reviewing a sentence's procedural reasonableness, we examine whether the District Court (1) correctly calculated the applicable Guidelines range, (2) ruled on any departure motions, and (3) meaningfully considered all relevant 18 U.S.C. § 3553(a) factors, including any variance requests. United States v. Merced, 603 F.3d 203, 215 (3d Cir. 2010).

Dong objects only to step three, asserting that the District Court failed to consider all relevant facts and arguments before imposing sentence. Because Dong failed to raise this argument during his sentencing, he must show that the Court committed plain error in its consideration of the § 3553(a) factors. See United States v. Jabateh, 974 F.3d 281, 303 (3d Cir. 2020). He cannot.

The record shows that the District Court meaningfully considered the relevant sentencing factors and the parties' variance requests.[4] The Court considered the nature and circumstances of Dong's offense, noting (1) his role in the offense, namely purchasing and transporting a significant number of firearms, (2) those firearms could have been used in the furtherance of other serious crimes including homicide, and (3) that he appeared to lie to law enforcement after they discovered him with the firearms. The Court also considered Dong's background, including his lack of a criminal record, attempts to assist the Government, gainful employment, acceptance of responsibility, and

---

[4] To the extent Dong argues that the District Court must adhere to the Government's recommendation of six months' imprisonment, he is mistaken because "a district court is in no way bound by the parties' sentencing recommendations." United States v. Schweitzer, 454 F.3d 197, 204 (3d Cir. 2006).

5

financial support of his family, but nonetheless concluded that the totality of circumstances warranted the within-Guidelines sentence to deter others, protect the public, avoid unwarranted sentencing disparities, and account for the crime's seriousness. Moreover, the Court stated that it made "an individualized assessment based on the facts presented" and imposed "a sentence that [was] sufficient, but not greater than necessary, to achieve the goals of sentencing." Supp. App. 42. Thus, the record "makes clear the [C]ourt took the [pertinent] factors into account in sentencing," even if every argument the parties made was not explicitly addressed. United States v. Young, 634 F.3d 233, 243 (3d Cir. 2011) (internal quotation marks omitted) (alteration in original).

Because the District Court considered the relevant sentencing factors, it committed no procedural error, plain or otherwise.

B

We next consider Dong's challenge to the substantive reasonableness of his sentence. Two considerations guide our review. First, we "presume that a sentence within the advisory Guidelines is reasonable." United States v. Handerhan, 739 F.3d 114, 124 (3d Cir. 2014). Second, a sentence is substantively unreasonable if "no reasonable sentencing court would have imposed the same sentence on that particular defendant for the reasons the district court provided." United States v. Tomko, 562 F.3d 558, 568 (3d Cir. 2009) (en banc). Both show that Dong's sentence was substantively reasonable.

First, Dong received a bottom-of-the-Guidelines sentence, and nothing in the record causes us to divert from the presumption that his Guidelines sentence is

6

reasonable.[5]  See Handerhan, 739 F.3d at 124.  As the District Court explained, the sentence here accounts for the seriousness of Dong's crime and the danger firearms pose to society, as well as the need for deterrence, to protect the public, and to avoid unwarranted sentencing disparities.  Even if the Court did not "give mitigating factors the weight [Dong] contends they deserve," that "does not make [its] sentence substantively unreasonable."  United States v. Seibert, 971 F.3d 396, 402 (3d Cir. 2020) (internal quotation marks omitted).

Second, for the same reasons, we cannot say that no reasonable sentencing court would have imposed the sentence here.  See Tomko, 562 F.3d at 568.[6]  The sentence captures the scope of Dong's conduct, the risk it posed to the public, and the need for deterrence.  The bottom-of-the-Guidelines-range sentence further reflects the fact that Dong has no prior criminal history, among other mitigating factors.  Therefore, Dong's sentence is substantively reasonable.

---

[5] Dong's claim that the District Court erred by considering certain facts that were already captured in the Guidelines calculation lacks merit.  A court may impose a sentence based on factors that played a role in generating the Guidelines range.  See, e.g., Tomko, 562 F.3d at 561, 571 (considering defendant's "negligible criminal history" despite the fact that such history was already factored into the Guidelines sentence).

[6] Dong argues that his sentence comes with immigration consequences he did not reasonably expect at the time he pleaded guilty.  His claim lacks basis.  During the guilty plea hearing, Dong acknowledged under oath that he understood his conviction could result in removal and the District Court informed him that it could impose a sentence "longer or more severe than the one that [Dong] might anticipate."  Supp. App. 13.  In any event, the immigration consequences he may face do not render his sentence substantively unreasonable.  However, to the extent Dong argues his counsel provided ineffective assistance concerning his plea's potential immigration consequences, such an argument is not properly raised on direct appeal.  See United States v. Thornton, 327 F.3d 268, 271 (3d Cir. 2003) ("It has long been the practice of this court to defer the issue of ineffectiveness of trial counsel to a collateral attack.").

## III

For the foregoing reasons, we will affirm.